GEORGE BURNSIDE, Plaintiff in Error, v. AMOS F. POTTS, Defendant in Error.

ERROR TO FULTON.

Where parties had submitted differences between them to an arbitration, which resulted in an award, the legality of which was questioned, and they agree to a second arbitration, abrogating the first award, which one of the parties refused to recognise, an action will lie upon the matters of difference first submitted.

POTTS sued Burnside before a justice of the peace in Fulton county, in September, 1858, on the following account :

"GEORGE BURNSIDE,
1858.                    To AMOS F. POTTS,   Dr.
    To damages for neglecting and refusing to boat and sell for plaintiff a lot of cord wood, supposed to be about seventy-five cords, by reason of which neglect and refusal, said wood was washed away and lost to the plaintiff. Damage claimed, $99.90."

The case was taken to the Circuit Court of said county by appeal, where a trial was had at the September term, 1859, before the court, by consent of parties, a jury being waived, and judgment rendered against the defendant below for $53.33, and costs.

The defendant below comes to this court by writ of error.

On the trial below, the plaintiff, Potts, proved a verbal contract, made the last of March or first of April, 1858, between himself and defendant, Burnside, to boat to market and sell seventy-five or eighty cords of wood owned by plaintiff, then corded near Spoon River, and on his land in said county ; Potts to have two-thirds of the proceeds, and Burnside one-third— the boating to be commenced within a short time. He also proved that the wood was worth at Liverpool and Havana, the nearest markets, $2 per cord ; that defendant failed to boat the wood, which, a few weeks afterwards, was carried away by the flood, except eight or ten cords. He further proved the wood worth seventy-five cents per cord at the point where it was corded.

The defendant introduced evidence tending to prove that all the wood was not lost, but that some of it was used by the plaintiff, and some remained on the ground.

*Andrew Warfield*, a witness examined on the part of defendant, testified that, in the latter part of April or the first of May, 1858, he had a conversation with the plaintiff, in which the latter told him that the defendant, a few days before, had told plaintiff that he (defendant) had been to Liverpool and Havana, and ascertained that he could get only $2 per cord for

Burnside *v.* Potts.

the wood delivered in market, that being then the market price, and that he (plaintiff) thereupon told defendant that he would not let the wood go for any such price; that it might lay there and rot first.

The defendant then proved the execution of, and offered and read in evidence the three following instruments, in writing, designated as instruments "A," "B," and "C."

Instrument A.:

"July the 10th, 1858.

We, the undersigned, do agree to abide by the decision of John Grigsby and H. Anderson, being arbitrators in a case of difference in reference to boating wood.

(Signed)        A. F. POTTS,<br>GEO. BURNSIDE."

Instrument B.:

" July the 12th, 1858.

We, the undersigned, arbitrators in reference to the wood between George Burnside and A. F. Potts, according to our judgment, do clear George Burnside from damage. John Grigsby, H. R. Anderson agreed, and then Nathaniel Apple with us.      (Signed)      H. R. ANDERSON,

JOHN GRIGSBY,<br>NATHANIEL APPLE."

Instrument C.:

" Whereas, Amos F. Potts and George Burnside did agree to submit a matter of difference in regard to boating wood, to the decision of John Grigsby and H. R. Anderson, and afterwards, and before such decision was made, did agree that the said John Grigsby and H. R. Anderson might select a third person to act with them, and they did thereupon select Nathaniel Apple to act with them; and whereas, the said Amos F. Potts and George Burnside did, on the 10th day of July, A. D. 1858, in pursuance of such submission, appear before the said arbitrators and submitted said matter in difference, with the evidence thereon, to said arbitrators, Grigsby and Anderson, and then agreed, as aforesaid, that they might select a third person, and Nathaniel Apple was so selected; and thereupon we, the undersigned arbitrators, do determine and award that the said George Burnside is not liable to the said Amos F. Potts upon the matter in difference, and there being no cost, we make no award as to cost. Witness, our hands and seals, this 12th day of July, 1858.      (Signed)    JOHN GRIGSBY.     [SEAL.]

HENRY R. ANDERSON. [SEAL.]<br>[SEAL.]'

The defendant then introduced the said *John Grigsby* and *Henry R. Anderson*, respectively, who testified that they were the persons selected as arbitrators by the plaintiff and defendant, under the instrument above set forth as " Instrument A," and under an oral agreement to arbitrate; that they had listened to all the evidence given in this case on the present trial in Circuit Court; that they heard the statements of the parties and the evidence offered before them on the 10th of July, 1858, and that the case on trial in this court, according to the evidence

given, was upon the same subject matter that was before them as arbitrators, and upon which they made an award in writing. These witnesses, together with one other, also proved that said Grigsby was selected as arbitrator on the said 10th July, by said George Burnside, and that said H. R. Anderson was at the same time selected as arbitrator by said Amos F. Potts, in the matter now in difference; that said arbitrators, Grigsby and Anderson, met on the afternoon of Saturday, the 10th day of July, 1858, under the agreement of the plaintiff and defendant, to arbitrate the said matter in difference; that the plaintiff, Potts, claimed damages for the failure of defendant, Burnside, to boat and sell the wood referred to in the evidence in this case; that the arbitrators heard the statements of both plaintiff and defendant in the matter, both being present at the arbitration, and all the evidence offered by either party in the case; that the two arbitrators, Grigsby and Anderson, then asked permission to call in a third party to act with them as arbitrator, to which both the parties, Potts and Burnside, gave their consent, and both said Potts and Burnside agreeing likewise that the two arbitrators, Grigsby and Anderson, who had heard the statements of the parties, and the evidence offered, might relate the facts in the case to the third arbitrator, in lieu of the proofs and statements being heard over again; that in pursuance of such arrangement, said arbitrators, Grigsby and Anderson, selected as the third arbitrator one Nathaniel Apple, to whom, on Monday, the 12th day of July, 1858, to which time they had adjourned, they related the facts in the case, statements of the parties, and evidence offered as per the agreement referred to; that thereupon all the arbitrators, Grigsby, Anderson and Apple, agreed upon and drew up and signed the award, a true copy of which is given above, marked " Instrument B," and left the same at the residence of George Schnell, where the arbitration was had, and where it was agreed between the parties that the award should be left; that some time afterwards, and on the morning of the day this case was tried before the justice of the peace, the other paper, a copy of which is given above as " Instrument C," was signed by said arbitrators, Grigsby and Anderson.

*George Schnell* was then produced and sworn as a witness on the part of the defendant, who testified that he was the party at whose house the said award was left; that both parties came to witness' house and examined the award; that the paper presented to witness, a copy of which is given above as " Instrument B," is the award which was so left and examined at witness' residence.

The plaintiff called a witness who testified that, as Burnside was passing his house, plaintiff, Potts, called out to defendant and said, come, let us arbitrate our matter over again, and have it done legally, and defendant said that he would do it; and they were to have them sworn. The parties agreed to meet a week from the next Wednesday, to agree upon arbitrators and make arrangements. That on the day fixed upon, parties met, and defendant, Burnside, then told plaintiff that he would not arbitrate over again ; that he had got one award, that was good enough for him, and that he would have nothing to do with any further arbitration of the matter. Another witness also testified to substantially the same matter concerning a re-arbitration.

On cross-examination, this witness testified that Burnside received no consideratien for agreeing to re-arbitrate the matter, and that no writings were entered into in regard to any re-arbitration, and that no re-arbitration was had.

*S. Knott* stated that he heard Burnside say he had agreed to re-arbitrate with Potts, each to choose two arbitrators, and they to choose the fifth.

The court found for the plaintiff, and assessed his damages at $53.33, to which finding the defendant excepted.

The defendant then moved for a new trial, and assigned the following reasons :

1st. The court erred in overruling the defendant's motion to dismiss the case for want of jurisdiction.

2nd. The court admitted improper evidence on the part of the plaintiff.

3rd. The finding of the court against defendant, and assessment of damages, are against the law and the evidence.

4th. The court should have found for the defendant.

But the court overruled the motion and refused to grant a new trial, and rendered a judgment against defendant for the amount of the above finding and costs; to all which the defendant excepted.

The errors assigned are as follows :

1st. The court below erred in admitting improper evidence on the part of the plaintiff below.

2nd. The finding and assessment of the Circuit Court was against the law and evidence.

3rd. The Circuit Court erred in not finding for the defendant below.

4th. The court below erred in overruling the motion for a new trial, and in rendering judgment against the defendant below.

GOUDY, JUDD & BOYD, for Plaintiff in Error.

L. W. ROSS, and STEVENSON & WOOLFOLK, for Defendant in Error.

WALKER, J.   There are few questions better settled than that mutual promises between the parties, are a sufficient consideration to support the agreement.   It is always so regarded when the promises refer to the performance of acts which are of inconvenience or benefit to the parties, when the agreement contravenes no provision of law or public policy.   The doctrine is too familiar and well settled to require reference in its support to authorities, that all agreements for the settlement of matters in controversy are binding and valid, without any other consideration than the mutual promises of the parties.   The differences between the parties form a sufficient consideration for the promises.   In this case, it appears that questions had arisen as to the legality of the first award, and to end that dispute, it was agreed between the parties that they would have the matter again submitted, and have it legally arbitrated, and, by agreement, they fixed upon a time and place when the arbitration should take place.   They, in pursuance of that agreement, met at the place, but Burnside then refused to proceed with the arbitration.   This then presents the question, whether this subsequent agreement abrogated the award which had been formerly published.   It appears to us that such was the effect of that agreement.   They must have designed by that agreement to abandon the previous award.   They, at the time, made no provision that the award should remain in effect until the new award should be published, nor do we discover anything in the evidence tending to show such an intention.   The agreement was unconditional, that the parties would again submit the matters to the arbitrament of other referees, and procure a valid and binding award.   This they had the unquestioned right to do, and the mutual promises of the parties based upon the dispute, and for the settlement of the controversy, was a sufficient consideration to support the agreement.

· The question then arises as to what was the effect resulting from the abrogation of the award.   When it was canceled and ceased to exist as a binding award, the parties occupied the same attitude to the case, which they did previous to the first agreement to submit the question to arbitrators.   The whole case was then opened, and stood upon the agreement to re-arbitrate, and had they proceeded with it, the new award would have been binding upon them, not by force of the new award, but by force of the agreement out of which it would have grown.

But Burnside chose to violate his part of the agreement, and when he did so, Potts was left with the option to sue upon the breach of that agreement, or upon the original cause of action. He chose to adopt the latter course, and has, we think, shown by the evidence, that he was entitled to recover. Wherefore the judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*