GALEN EASTMAN, Appellant, *v.* THOMAS R. ARMSTRONG, Appellee.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

*Parties, by agreement, may abandon an award. When they do so, they are remitted to their original rights.*

THIS was an action of assumpsit, brought by the appellee against the appellant, on a parol submission to an award in the Superior Court of Chicago, and tried before the court, without the intervention of a jury, at the December term of said court, A. D. 1859.

The declaration contained two special counts, and a count upon an account stated.

The defendant pleaded the general issue. Upon the trial, the plaintiff offered in evidence a lease, under seal, from himself to the defendant, of certain premises described therein, dated May 1st, 1857, for three years then next ensuing, the defendant cov enanting therein to pay as rent the sum of $375, at the end of every quarter year during the term.

The lease contained no provision for apportionment of rent, as to time.

The plaintiff then proved, that on or about the 10th day of July, A. D. 1859, the defendant was in possession of the leased premises, under the lease. That an agreement was then made between the defendant and one T. W. Baxter, who claimed to be the plaintiff's agent, by which defendant was to surrender the possession of the premises forthwith, and receive from Armstrong fifty dollars for expense of removing his property therefrom.

That defendant, in pursuance of the agreement, forthwith gave up possession of the premises to the plaintiff, who occupied them immediately.

That about the 1st of August, 1859, the plaintiff called on defendant for rent from May 1st to July 10th, 1859, which defendant refused to pay, claiming that according to his understanding, by the agreement between himself and Baxter, he was to receive fifty dollars for expense of vacating the premises, in addition to a release of all rent.

The plaintiff further proved, that on the 8th day of August, 1859, he and the defendant mutually submitted, by verbal agreement, to one T. M. Avery, and B. Ackley, as arbitrators, to decide how much, if any, rent was due from defendant to plaintiff, on the said lease, for rent from May 1st, 1859, to July 10th, 1859, under the agreement of July 10th aforesaid, in accordance

with which defendant had surrendered the premises, and what deduction should be made therefrom for the cost of defendant's removal from the premises.

The plaintiff then offered in evidence an award, in writing, of the arbitrators, as follows, viz. :

" We find that Armstrong shall collect of Eastman, two hundred dollars, for two months' rent, from May 1st to July 1st, as he has collected during the past year, and that Mr. Armstrong shall deduct fifty dollars, as agreed by Mr. Baxter, for cost of moving, from two hundred dollars allowed for rent.

T. M. AVERY.<br>BENJ'N ACKLEY."

The plaintiff further proved, that during the year 1858, the defendant had paid on the lease only at the rate of one hundred dollars per month.

He also proved, that a day or two before the commencement of the suit, he had called on the defendant and demanded that he comply with the award, which the defendant refused to do.

The defendant proved, that after the delivery of the award, the plaintiff frequently declared to one of the arbitrators, and to one Merrill, the agent of the defendant, in the absence of the defendant from Chicago, that he would not submit to the award.

That on the defendant's return, the plaintiff called upon him and·demanded a settlement; that the defendant asked him if he would settle by the award; that he replied, " No, I will have the whole I claim, or none." That Eastman then replied, " Very well, since you force me to it, we will stand upon our legal rights, which will give me all I claim."

The court found the issues for the plaintiff, and assessed the damages at $150.

The defendant moved for a new trial, which was overruled, and he excepted.

The court rendered judgment for $150 and costs, and the defendant prayed an appeal.

The appellant assigns for error : the court erred in admitting improper evidence; the finding of the court was against the law; the finding of the court was against the evidence; the judgment should have been for the defendant, for costs, and not for the plaintiff; and the court erred in overruling the motion for a new trial.

JESSE B. THOMAS, for Appellant.

BARKER & TULEY, for Appellee.

BREESE, J.   The evidence shows very conclusively, that there

was a mutual abandonment of the award before suit brought, which brings this case within the rule in *Burnside* v. *Potts*, 23 Ill. 415.

We held there, that parties might agree to abandon an award, and by so doing, they are necessarily remitted to their original rights. That case is decisive of this. The judgment is reversed, and the cause remanded.

*Judgment reversed.*