SAMUEL G. ROLLINS *vs.* TRUE W. TOWNSEND.

Suffolk. March 2. — Sept. 3, 1875. MORTON & ENDICOTT, JJ., absent.

An agreement to refer a matter in dispute to arbitration, upon which an award has been made under a previous agreement, is, in the absence of an agreement to the contrary, a waiver of the first award, and no action will lie upon that award, although no valid award is made under the second agreement.

If in an action on an account annexed the defendant sets up an award between the parties, and it appears that the arbitrators did not consider a claim made by the defendant against the plaintiff, the award is invalid, and the plaintiff may avail himself of such invalidity, and maintain his action.

CONTRACT upon an account annexed. The declaration also contained a count alleging an agreement of submission to arbitration, dated March 18, 1873, whereby the parties agreed to submit all matters of difference between them, and under which an award was made, dated March 29, 1873, by the referee named therein, in favor of the plaintiff in this action, for a sum stated. The answer contained a general denial, and set up the following agreement of reference made subsequently to the one mentioned in the declaration, signed by the plaintiff, the defendant and by C. E. Folsom & Co.: " We, the subscribers, hereby agree to submit all matter of differences between us to the determination of James Smith, William H. Hart and Joseph C. Storey, all of Boston, whose award or the award of a majority of whom shall be final; the said referees shall decide who shall pay the costs of this reference ; and we mutually agree with each other to stand to and abide by the award of the referees aforesaid. Each of the parties hereto is to deposit in the hands of the referees the sum of five hundred dollars each before a hearing on the matters in dispute, and said referees are to hold said sums for the benefit of the party in whose favor the award shall be made. Witness our hands this sixteenth day of April, A. D. 1873." Also the following award made in pursuance of this agreement, signed by the referees named therein, and dated Boston, April 19, 1873 : " We the undersigned, referees in the case of Rollins *v.* Townsend, after a careful hearing and due deliberation, render our award as follows: That Rollins be allowed to remove his mill from Townsend's factory, and in consideration of taking such mill shall consider himself paid in full for any and all claims he

may have against said Townsend, said Rollins to have six days in which to remove said machine after due notice of this decision; and we allow Rollins to remove said mill, and release him from any and all claims of damage arising from the use of said mill, and Townsend shall afford Rollins or his agents any proper assistance he may require in the removal of the mill."

At the trial in the Superior Court, before *Bacon,* J., there was evidence tending to show that both the plaintiff and the defendant were dissatisfied with the result of the first reference and award, and afterwards agreed to and did enter into the second agreement of reference; that the plaintiff drew up this agreement and signed it himself, and afterwards sent for the defendant to come and sign it, which the defendant did; that after the first award the plaintiff assigned his claim against the defendant to C. E. Folsom & Co., and that they joined in the second agreement; that a hearing was had by all the parties concerned before the referees named in that agreement, who made their award as set forth in the answer; that at the hearing before the referees the defendant presented a statement of certain claims he had against the plaintiff, one item being for $36 which the defendant contended he had lent the plaintiff, and the plaintiff contended was paid him by the defendant on account and in part payment for the mill in question; and that the referees declined to pass upon or determine the question on said item. All the referees testified that they did not pass upon or determine that matter so submitted, and that it was not covered by their award. It also appeared that immediately after the award was made known to the parties, the defendant brought an action against the plaintiff to recover the said sum of $36, and attached property which he contended belonged to the plaintiff, but did not enter the writ.

There was also evidence to show that the same and no other items or claims were put in by the parties, before the last referees, than were submitted to the first referee; that the subject matter was the same at each reference, and that there was no new matter before the last referees. The plaintiff testified that he used the same bill of items before the first that he did before the last, and that it was the bill he then held in his hand; that that embraced his whole claim against the defendant.

The plaintiff asked the judge to rule that the award of the last referees was not binding or valid as between the parties, and that the same was in law void. The judge so ruled, the defendant objecting. The defendant then requested the judge to rule that the first award was waived when the parties entered into the agreement for the second reference, and that the same was not binding upon either party. The judge refused so to rule, but ruled that the first award was not waived by the parties in entering into the second agreement, and their subsequent acts in relation thereto, although it might have been, had the reference proceeded so far as to have made a valid award, and instructed the jury to return a verdict for the plaintiff for the amount of the first award with interest. The defendant alleged exceptions.

*C. H. Chellis*, for the defendant.

*N. Morse & W. E. L. Dillaway*, for the plaintiff.

DEVENS, J. When parties have entered into an agreement to refer claims which are disputed, and an award has been made by virtue of such agreement, it is entirely competent for them to waive such award by mutual consent. *Girdler* v. *Carter*, 47 N. H. 305. As they may waive any settlement of disputed claims which they themselves have once agreed to, so they may waive any which has been made for them by others acting at their request. If, after a matter has once been referred to arbitration and an award has been rendered, the parties agree to re-arbitrate the matter in dispute, this must be treated as abrogating the previous award, and as putting the parties in the same position that they were at first. If the re-arbitration is proceeded with, and a valid award is made, it is binding by virtue of the second agreement, under which it was made. If the re-arbitration fails by reason of either party refusing to perform, the other has his remedy by action for breach of the agreement; and if no valid award is made, either may sue the other upon the original causes of action. The parties occupy towards each other the same attitude that they would if the first agreement and the award thereunder had not been made. *Burnside* v. *Potts*, 23 Ill. 411. *Eastman* v. *Armstrong*, 26 Ill. 216. It is not the fact that a valid award is made under the second agreement, that operates to destroy the effect of the first, but that a second agreement to refer the same matter treats it as one still disputed between the parties. It

would of course be competent for parties to agree that the first award should continue in force unless or until a new and valid award was made under the second agreement; but in the absence of such or some similar provision, such second agreement must be deemed inconsistent with the continued existence of the first award.

Nor does there appear to be force in the suggestion that what was to be submitted under the second agreement was the award under the first. The exceptions state that the evidence tended to show that both parties were dissatisfied with the result of the first reference and award, and agreed to enter into the second agreement; that this last agreement was drawn up by the plaintiff, who now seeks to enforce the first award; that it was signed by himself, and that he sent for the defendant to come and sign it, which he did. The plaintiff further testified that he used before each board of arbitration the same bill of items, and that it embraced his whole claim against the defendant. Upon this evidence it cannot be doubted that what was referred and intended to be referred by the second agreement was the same matter referred by the first. The ruling of the court that the second agreement would not be a waiver of the first award, unless the reference thereunder proceeded so far as to have a valid award made, was therefore erroneous.

As the validity of the second award is asserted by the defendant in his answer, in which he sets it up against the original claim of the plaintiff, and as at a second trial it must almost necessarily be discussed, it is proper to say that the ruling of the court was upon that point correct. It is proved that the arbitrators wholly omitted to pass upon or consider a claim for money lent made by the defendant, which the plaintiff contended was a sum paid to him by the defendant on account of a mill which was the principal subject of controversy between the parties, and that this matter thus submitted by the defendant was not covered by the award. It has been often recognized that an award was bad where the referees refused or neglected to take into consideration demands within their authority, and brought before them by one of the contending parties. *Houston* v. *Pollard*, 9 Met. 164. *Warfield* v. *Holbrook*, 20 Pick. 531. *Sperry* v. *Ricker*, 4 Allen, 17. *Sohier* v. *Eastabrook*, 5 Allen, 311. This was a matter

clearly within the terms of the submission, and the argument of the defendant, that he alone can avoid the award on account of the neglect of the arbitrators to pass upon this claim submitted by him, is not satisfactory. The defendant having submitted this claim, and the plaintiff having replied thereto, it was the right of the plaintiff as well as the defendant that the question should be disposed of, in order that controversy in regard to it might cease.

*Exceptions sustained.*