# Payne v. Crawford.

## *Statutory Action of Ejectment.*

| 102 | 387 |
|---|---|
| 107 | 308 |
| 109 | 453 |
| 102 | 387 |
| 115 | 440 |
| 102 | 387 |
| 121 | 277 |
| 102 | 387 |
| 128 | 555 |
| 102 | 387 |
| 131 | 385 |
| 131 | 386 |
| 102 | 387 |
| 140 | 292 |
| 102 | 387 |
| 141 | 513 |

1. *Arbitration; when made under rules of a church the award is binding.*—Where parties submit the determination of their respective rights in a controversy between them to an arbitration instituted and conducted under the rules of a church to which they belong, the award rendered in such arbitration is binding upon each of them.

2. *Same; award may be set aside by subsequent mutual agreement.*—Where, after an award has been rendered in an arbitration proceeding, the parties mutually agree in writing to set the award aside and submit the matters in controversy to other and different persons, the award previously rendered is no longer binding upon either; and this result is not affected by the fact that the arbitrators subsequently chosen did not hold the arbitration.

3. *Demurrer to replication; error without injury.*—An error in overruling a demurrer to a replication is error without injury, if the defendant had the benefit of all the evidence he could have introduced, if his demurrer had been sustained.

4. *Evidence as to collateral facts on cross-examination; can not be contradicted.*—A witness can not be cross-examined as to any fact which is collateral and irrelevant to the issue being tried, merely for the purpose of contradicting him; and if the question asked a witness on cross-examination is collateral and irrelevant to the issue, his answer can not be contradicted by the party who asked the question, but it is conclusive against him.

5. *Evidence; admissibility of deed though its description of the land is uncertain.*—Where, in an action of ejectment the plaintiff claims under a deed, and there is evidence tending to show that the description in said deed included the land sued for, said deed is admissible in evidence, although the description in the deed of the land in controversy was uncertain and indefinite; the description being susceptible of being made certain by parol evidence.

6. *Same; declaration of party in possession; res gestae.*—The declarations of a party in possession of land, explanatory of his possession, are admissible in evidence in an action of ejectment; such declarations being a part of the *res gestae.*

7. *Same; defendant's admission to plaintiff and refusal to show deed inadmissible.*—In an action of ejectment, it is not admissible for plaintiff to testify that defendant admitted to her that he had a deed to the land sued for, but refused to show it to her

8. *Ejectment; recovery without proof of paper title.*—In an action of ejectment, plaintiff may recover without proof of documentary title

[Payne v. Crawford.]

by showing prior possession under claim of title, or by the exercise of acts of ownership.

9. *Abstract and argumentative charges.*—Abstract and argumentative charges should never be given; but the giving of such charges is not reversible error, unless it plainly appears injury resulted therefrom.

10. *Charges to the jury; ignoring tendencies of the evidence.*—Charges asked by either of the parties to the suit that ignore any of the tendencies of the evidence introduced by the other party are erroneous, and should not be given to the jury.

11. *Same; facts showing plaintiff's right to recover.*—A charge asked by plaintiff that is not predicated upon a hypothesis of facts showing plaintiff's right to recover is erroneous, and should not be given.

12. *Same; deed under which defendant claims failing to show it included land sued for.*—In an action of ejectment, an instruction to the jury that, if the deed under which defendant claimed did not include land sued for, the defendant could not claim any benefit under it is erroneous; since, if said deed did not show on its face that said land was not included in it, it could be aided and made plain by parol evidence.

13. *Failure of defendant to testify; when considered as a circumstance against him.*—In an action of ejectment, where the disputed question is the rightful possession of the land sued for, the failure of the defendant, who is present in court, to testify in his own behalf, is a circumstance to be considered by the jury, against the defendant's right to the property in controversy, and the court properly refuses to instruct them not to draw an unfavorable inference against the defendant from his failure to testify.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. J. M. CARMICHAEL.

This was a statutory real action in the nature of ejectment, brought by the appellee, Mary A. Crawford, against L. W. Payne; and sought to recover two strips of land lying between their several possessions.

The substance of the pleas is sufficiently stated in the opinion, as are also the four replications to the first plea, which are considered by the court. To the fourth and fifth replications the defendant demurred on the following grounds: 1st. Because the facts set forth therein do not show such facts as would set aside the award pleaded by the defendants. 2d. Because they fail to show that said agreement was ever acted on, or any effort made to carry it out. 3d. Because the agreement set out in said replication is void for want of consideration. The demurrer to the sixth and tenth replications is stated in the opinion.

The bill of exceptions recites, that the evidence tended to show, that the plaintiff and the defendant owned and were in possession of two farms, which were coterminous, plaintiff's farm lying north and east of defendant's. The contention raised was over two strips of land lying between said farms, the one on the south and the other on the west of plaintiff's farm. Plaintiff claimed title to her farm by will from her late husband, A. J. Crawford, and he from one Snead and wife. Defendant offered no paper title to himself, but claimed, and proved orally, that he bought his farm from one John Crawford, who claimed purchase from Clower. Clower claimed from one Thomas Eady. Snead and Eady were proved to have been in possession, respectively, of their farms, more than twenty years before the trial.

Plaintiff also claimed that she was in the actual possession of the land when the defendant enclosed it, and objected to such action by the defendant. Defendant enclosed the land in controversy a few months before the commencement of this suit. Prior to that time, said lands were not enclosed. While some of these had been cultivated, it had been so long ago that large trees had grown up over it. The evidence was conflicting, and tended to support the claims of each party. There was evidence tending to show the original lines to be as each party claimed, and acts of ownership over the land in controversy by each party and those from whom they respectively claimed. The acts of ownership of the land by those from whom defendant claimed were shown to be over fifteen years ago.

The defendant did not offer any deed in evidence, or produce the same at the trial, on notice given his attorney to do so, who assigned as a reason, at the time of notice, for not doing so, that defendant's deed was lost, as defendant had answered on oath in his deposition taken by plaintiff, in this case. There was also evidence tending to show that the deed of defendant did not embrace the lands in controversy; and that he had the deed at the beginning of the suit.

The bill of exceptions further recites, "That there was evidence tending to show that plaintiff objected and protested against defendant's putting up his fence around the land in controversy, immediately before he erected the same, and this, if such, was the only evidence tend-

ing to show that defendant was a tresspasser on the land sued for, except that he offered no paper title to it. On this land was a piece of woodland of virgin growth, which has never been cleared, and the only possession of this, as claimed by plaintiff, or of which there was any evidence tending to show that plaintiff ever had possession, was the use of timber and wood from the same, that her husband and sons surveyed and marked out the line, and that she objected to the erection of the fence by the defendant. Defendant did not testify in the case, and on his failure to do so, plaintiff's attorney commented in his argument to the jury, and insisted that this fact should be considered by the jury as a circumstance against the defendant's right to the property in controversy. The only evidence offered on the trial of any agreement between the parties to set aside the award of the arbitration pleaded and proved by defendant was the paper writing set out in the bill of exceptions, and purporting to be an agreement to refer the matter in dispute to a second arbitration."

The deed from Snead and wife conveying to plaintiff's husband, A. J. Crawford, the farm adjoining defendant's was read in evidence, against the objection and exception of defendant. There was evidence tending to show that the description in said deed covered the lands sued for. The only evidence introduced tending to show that the defendant's deed did not embrace the land in controversy, was that of one Peterson, the county surveyor of Lee county. This witness, after having been examined as a witness for the defendant, was asked upon cross-examination the following question : "If he did not tell one Jones at a certain time and place that the defendant told him his deed did not cover the land in controversy?" This Peterson denied. Afterwards said Jones was introduced as a witness for the plaintiff, and was asked the following question : "If Peterson did not tell him (Jones) at a certain time and place that defendant told him his deed did not cover the land in controversy?" The defendant objected to this question because it was illegal, irrelevant and immaterial; and duly excepted to the court's overruling his objection. The witness Jones answered that Peterson did make such a statement to him. The defendant moved to exclude this answer, and excepted to the court's overruling his motion.

The plaintiff, being on the stand as a witness in her own behalf, testified "that she knew of the survey made by her husband in his life time of the line between the places of plaintiff and defendant during the time that defendant's place was owned by John Crawford, but when the latter was not present, and that her said husband pointed out to witness the dividing line between said two places, as shown by said survey, while upon the land, and that said line placed the land in dispute on the Crawford place; and that her husband had pointed out the line to her as she claimed it to be, between the places of plaintiff and defendant, and when he did so said that we are right on the line." The defendant moved to exclude each of these statements, because each was illegal, irrelevant and incompetent evidence, and "it was permitting a party to make testimony for himself." Each of these motions was separately overruled by the court, and the defendant separately excepted. The plaintiff further stated "that while she and her husband were on a certain grave-yard lot, which consisted of one acre and was used by colored people, and which is situated on the land in controversy, her husband said he had sold and delivered said lot to some negroes." The defendant objected to this statement and moved to exclude the same because it was illegal and incompetent. The court overruled this objection and motion, and the defendant duly excepted.

Jack Crawford, a son of the plaintiff, being on the stand as a witness in behalf of the plaintiff, after having stated that he knew where the southwest corner of the Crawford place was from the declaration of his father made while in the possession of the tract of land, was asked the following question: "Where the southwest corner of the Crawford place was?" The defendant objected to this question on the ground that it was illegal and called for hear-say evidence; and duly excepted to the court's overruling his objection. The witness answered, "that said corner was where the plaintiff claimed it to be in this controversy." The defendant moved to exclude this answer, and duly excepted to the court's overruling his motion.

One Torrence, a witness for the plaintiff, after having shown himself to be a surveyor of many years practice and experience, and after having admitted "that a sur-

vey of the plaintiff's land could not be made from plaintiff's deed without oral testimony," and that the corner of the respective properties had been pointed out to him by the said Jack Crawford, was permitted to testify, against the defendant's objection and exception, to the correctness of the survey made by him in which he, the said Torrence, established the lines of the land in controversy between the plaintiff and defendant as contended for by plaintiffs in this suit.

The court, in its general charge to the jury, instructed them, among other things, as follows : "If the parties to this controversy submitted the matters in dispute between them to an arbitration and an award was made and the parties subsequently agreed to have another arbitration, this had the effect to do away with the original or first arbitration and the award under it, and they can have no effect or influence in this case." The defendant duly excepted to this portion of the court's general charge..

· The court, at the request of the plaintiff, gave each of the following written charges : (1.) "If the jury find from the evidence that Payne has enclosed within his wire fence 1½ acres of land in section 28, and if the deed from Snead to Crawford shows that the line between sections 28 and 29 is the true line of Crawford, then the plaintiff is entitled to recover that 1½ acres." (2.) "In determining where the southern boundary of Crawford's land is, the jury may look to the fact, if it be a fact, that Payne's wire fence begins at the southern extremity of the grave-yard in connection with all the other evidence in the case." (3.) "If the jury find from the evidence that Mrs. Crawford was in possession of the disputed land, claiming to own it, up to the time claimed, before Payne took possession of it, and that she held such possession up to the time that Mr. Payne took possession, then she is entitled to recover whether her paper title covered it or not." (4.) "If Mr. Payne has shown no deed to the lands, then he is not entitled to a verdict, unless he or those under whom he claimed has had actual possession of the land sued for for ten years." (5.) "If the jury find from the evidence that when Mr. Payne took possession of the land Mrs. Crawford was in possession and objected to Payne's putting a fence around it, then she is entitled to a verdict for the land

sued for.'' (6.) ''If the jury believe the evidence the first arbitration proceedings and the award thereon have no legal force or effect in this case and the jury should not consider them in arriving at their verdict.'' (7.) ''If Mr. Payne is a trespasser on the land in controversy then he can not have any benefit of an outstanding title.'' (8.) ''If the deed from Eady's heirs to Clower does not show on its face that it covers the land sued for (that is the land that Mrs. Crawford claims that Payne has taken of hers), then the defendant can not claim any benefit from that deed.'' (9.) ''If the jury find from the evidence that Mrs. Crawford had a deed to the land and offered it in evidence, and if under said deed she was in possession of any part thereof, and if they find that Mr. Payne offered no deed to the land, and if the jury find from the evidence that Mr. Payne forcibly took possession while Mrs. Crawford was in possession if she was in possession of the land, against the objection of Mrs. Crawford, then they must find for the plaintiff.'' (10.) ''If the jury find from the evidence that Mr. Payne has suppressed his deed and declined to exhibit it, that is a circumstance to which the jury may look in deciding where the dividing line is.'' (11.) ''If the jury find from the evidence that Mrs. Crawford was in possession of the disputed piece of land, and while in possession she or her sons for her protested against Payne coming on it, and fencing it, and if he did it any how, then the plaintiff. is entitled to recover.'' (12.) ''Even if the jury should find from the evidence that the land in dispute was a part of the Eady place years ago ; yet, if they further find that since that time A. J. Crawford went into possession of the Snead place under a deed that covers the disputed land, then, the plaintiff is entitled to recover unless defendant or those under whom he claims has had ten years adverse possession.'' (13.) ''If it is reasonably doubtful whether the deed from Snead to Crawford covers the disputed land in the suit and if Mrs. Crawford and her husband have had possession of the tract for ten years before this suit, holding under the said deed in evidence, then she is entitled to recover.'' (14.) ''If the jury believe from the evidence that the deed from Snead to Mrs. Crawford covered the lands in controversy and other lands, the possession by Mrs. Crawford of any of the land covered by it would be

[Payne v. Crawford.]

possession by her of the lands in dispute; and if Payne and those through whom he claims were never in the actual notorious possession of the lands in dispute for a period of ten years, the plaintiff is entitled to recover." (15.) "While the plaintiff in ejectment must recover on the strength of her title and not on the weakness of the defendant, yet if the plaintiff shows that she was in possession of land claiming it under a deed and the defendant shows no deed and does not show any actual possession of the land sued for until he builds a fence around it, then he is a trespasser, and unless he has been in possession ten years when he is a trespasser, the plaintiff is entitled to recover." (16.) "If the jury believe from the evidence that A. J. Crawford turned a certain acre of land over to the colored people for a grave-yard, this was an act of ownership on his part over the said land, and the jury may look to this fact, in connection with all the other evidence in this case, in determining whether the southern line of Crawford's line extended to the southern end of said grave-yard." The defendant separately excepted to the giving of each of said charges, and also excepted to the court's refusal to give the following charge requested by him : "A defendant is not required to testify in his own behalf, and if he can defeat his adversary by other evidence without becoming a witness in his own case he has a perfect right to do so, and his failure to testify would not authorize any reflection on this defendant and should not be considered by the jury to his detriment."

There was judgment for the plaintiff, and the defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

GEORGE P. HARRISON, for appellant.—A church arbitration and award is binding on the parties thereto.— *Payne v. Crawford*, 97 Ala. 604. The second agreement to arbitrate was not binding.—*Ex parte Lowe*, 20 Ala. 330 ; *Ex parte Jones*, 35 Ala. 706 ; *Ex parte Dillard*, 68 Ala. 594. Possession is a fact which must be proved as other facts are proved ; by legal evidence.—*Hooper v. Clayton*, 73 Ala. 359.

J. M. CHILTON, *contra.*—General demurrers are properly overruled. Code, § 2690 and cases there cited; *Robbins v. Mendenhall*, 35 Ala. 722; *M. & M. R. R. Co. v. Cren-*

*shaw,* 65 Ala. 566; 3 Brick. Dig. 705. Where the demurrer to the replication is improperly overruled, it is error without injury if the defendant has the benefit of all the evidence he could have introduced if the demurrer had been sustained.—*A. G. S. R. R. Co. v. Dobbs,* 101 Ala. 219.

The deed of Snead to husband of plaintiff was properly admitted in evidence. If the description therein of the land was uncertain, it was susceptible of being made certain by parol evidence.—*Saltonstall v. Riley,* 28 Ala. 164.

That plaintiff's husband was on the land and surveyed the line and pointed it out, was competent evidence. "Declarations of one in possession of property explanatory of the possession, made in good faith and showing the character and extent of his claim to it," are admisible, * * "no matter who may be the parties to the litigation."—*Humes v. O'Bryan,* 74 Ala. 64; 2 Brick. Dig., 843, §§ 558–9.

HARALSON, J.—This suit is a statutory real action. by Mary A. Crawford against L. W. Payne, to recover two strips of land lying between their several possessions, and the contention is whether the strip belongs to the plaintiff or defendant. Neither asserted claim, save as they severally contended, a proper survey and measurment would show the rightfulness of their respective claims.

I.  The pleadings, so far as the assignments of error make it necessary to notice them, were a special plea, numbered 1, by defendant, in which he set up an agreement, entered into by the plaintiff and defendant, to arbitrate their differences, and that certain persons chosen thereunder made an award as arbitrators, by which the plaintiff was bound, and therefore estopped to bring this suit.

The second plea disclaimed possession of all the lands not embraced in said award, but as to all described in the award, the defendant pleaded not guilty.

Plaintiff filed many replications to plea No. 1, and among them, the ones numbered 4, 5, 6 and 10, which in substance set up,—the 4th and 5th, that the defendant was estopped to plead said arbitration and award as a defense, because after said award had been made, the

defendant and the plaintiff mutually agreed in writing to do away with the same, and to submit the matter in controversy between them to the arbitration of other persons different from those who rendered the first award, and bound themselves to abide by the lines as established "by said party or parties," that the plaintiff was ready and willing and offered to carry out said second agreement to arbitrate, but the defendant refused to do so ; and the 6th and 10th, that the arbitration and award first had was not binding on her, because it was a proceeding instituted and conducted under and according to the rules of the church to which the parties belonged, which required members to settle their differences in this manner, rather than go to law with each other, and was no more than a church award, and not binding on her.

To these replications, defendant filed demurrers, on many grounds, which demurrers were overruled, which ruling constitutes the basis for the first assignment of error. This ruling as to the 6th and 10th replications was contrary to the decision of this court in this case, when here on a former appeal. We then said : "The award rendered in this case if otherwise valid, would be an estoppel upon plaintiff's right to maintain this action. The parties litigant, however, did not permit the case to remain as the award had left it. They entered into a subsequent written agreement, by which they again agreed to submit the matter in dispute to other and different arbitrators. True, those arbitrators never acted ; but that is not the test. By the agreement they set the former award aside, and bound themselves to be governed by one to be subsequently made. Like the grant of a new trial at law, it did away with the former finding, and left the issue still open.—*Burnside v. Potts,* 23 Ill. 411."—*Payne v. Crawford,* 97 Ala. 604. But, it also appears, as well, that the demurrers to the 4th and 5th replications were properly overruled.

II. It is insisted, however, that the demurrer to the 6th and 10th, might well have been overruled, because it was general and did not specify any facts on which it was based. The ground as stated was, "because said replications show no facts that would relieve the plaintiff of the binding effect of the award set up in defendant's plea, No. 1." It must be admitted, as claimed,

that this was a mere general demurrer to the replications.—*Baker v. Boon*, 100 Ala. 622; *Cook v. Rome Brick Co*, 98 Ala. 409; *Evitt v. Lowery Baking Co.*, 96 Ala. 381; *Mobile & M. R. R. Co. v. Crenshaw*, 65 Ala. 567; *Brewer v. Watson*, 65 Ala. 88; Code, § 2690.

The judgment entry recites, that issue was joined on the pleadings. As the demurrers to the replications of the plaintiff were overruled, it appears, therefore, that issue was joined on them. The bill of exceptions recites, that "the arbitration and award, set up in defendant's pleas were proven" by defendant, and, as we presume, were read in evidence by him. It also recites that the plaintiff, on proof of signatures, offered in evidence the second agreement to arbitrate. The defendant objected to the introduction of this paper, on many grounds, but, it was properly admitted under the 4th replication. We adhere to our former ruling as to the admissibility and effect of this second agreement. The course the trial took, therefore, and the introduction of these several papers, show conclusively, that the defendant had the benefit of all the evidence he could have had if the demurrers to the 6th and 10th replications had been sustained. So, if conceded, that the court erred in overruling the demurrer to the 6th and 10th replications, it was error without injury.

III. The question propounded to the witness Jones and his answer, against the objection of defendant, was patently illegal and irrelevant for any purpose.—1 Greenl. Ev., §§ 449, 455.

IV. The deed from Snead to A. J. Crawford, from whom plaintiff derived title, was properly admitted. The objections to its introduction were, that the deed did not describe the land in controversy, was too uncertain and indefinite. There was evidence, however, as the bill of exceptions states, tending to show that the description in said deed covered the land sued for. And, if there was uncertainty in the description, it was susceptible of being made plain by parol testimony.— *Saltonstall v. Riley*, 28 Ala. 164; *Clements v. Pearce*, 63 Ala. 284; *Chadwick v. Carson*, 78 Ala. 119.

V. It may be stated as being well settled, that a party in possession of land, may make declarations explanatory of his possession, and either claim or disclaim ownership of the property, and such declarations may

be given in evidence, in an issue of disputed ownership, no matter who may be the parties to the suit. Possession being the principal fact, such declarations are admissible as a part of the *res gestae* of the possession itself. *Humes v. O'Bryan*, 74 Ala. 64; *Daffron v. Crump*, 69 Ala. 77; 1 Brick. Dig., 843, §§ 558-9; 1 Greenl. Ev., § 109. In *Hunnicutt v. Peyton*, 102 U. S. 364, Mr. Justice Strong states the general rule of American courts in the matter of the determination of disputed boundaries to be, that the declarations of the owner of land, since deceased, who, it is shown, had knowledge of the facts he stated—made while on the land or in possession of it, in respect to its boundaries—are admissible in evidence.—1 Greenl. Ev., § 109, n. 2 and b., and authorities cited. While this rule is eminently true in case of deceased owners of land, in locating the boundaries of their possessions, it is by no means confined to that class, but is as applicable to living persons as well, where no intent to misrepresent appears.—Authorities *supra*.

VI.   It would seem, therefore, that there was no error in admitting the evidence of Mrs. Crawford in respect to the declarations of her deceased husband, made while on the land, as touching the boundaries of his land, nor in the admission of the evidence of Jack Crawford, of the declaration of his father, the husband of plaintiff, while in possession of the land, as to where the southwest corner of the Crawford place was. The evidence of the surveyor, Torrence, also, rests upon the same principle. His survey appears to have been correct, starting from the corner fixed by plaintiff's husband, while in possession, as deposed to by Jack Crawford.

VII.   The question propounded to the plaintiff by her counsel, while she was testifying in her own behalf, "If she had ever asked defendant, if he had a deed to the land in controversy, and if so, to show it to witness?" and her answer, that defendant said he had a deed, but refused to show it, were improper. Defendant was under no obligation to disclose his evidence to plaintiff, and keeping his own counsel was not the suppression of evidence the plaintiff was entitled to. If he refused to produce the deed, on notice, she had a right to prove its contents, or if she could not prove them, and the evidence was important to her, she had the right to require a discovery of it from him.—*Edmonstone v. Hartshorn*, 19 N. Y. Ct. App. 9.

VIII.　It ought to be stated, as applicable to some of the instructions requested, that a plaintiff in ejectment, without proof of documentary title, may recover by showing prior possession under claim of title, or by the exercise of acts of ownership; but, in such case, if the testimony fails to show such prior possession, he has no right to recover, even against a naked trespasser, or one who does not show a better title.—*Mills v. Clayton*, 73 Ala. 359; *Dothard v. Denson*, 72 Ala. 541.

IX.　Charge No. 1 given for plaintiff is erroneous. The deed from Snead to Crawford does not, on its face, show that the lines between 28 and 29 is the true line of Crawford.　Where that line is, was the matter of contention between the parties, and about which there was conflicting evidence.　The interpretation of the deed was a matter for the court.　Charges 2 and 16 are abstract and argumentative.　There is no evidence that Payne's wire fence, as hypothesized in the 2d charge, began at the southern extremity of a grave-yard, nor, where, on the land in controversy, said grave-yard is located, and its boundaries.　The words, "turned over," as employed in the 16th charge, was not necessarily an act of ownership.　One may turn over something he does not own or claim to own.　The giving of abstract and argumentative charges is not reversible error, unless it plainly appears injury resulted, but they should not be given.

Nos. 3, 5, 11 and 12 were erroneous.　They each ignore any reference to the title of defendant, which there was evidence tending to establish; and as to the 12th, it may be further added, that defendant did not set up the defense of ten years adverse possession.

Charge 4 is erroneous, in that it is not predicated upon a hypothesis of facts showing plaintiff's right to recover.

Charge 8 is erroneous in that, if said deed did not show on its face that said lands were included in it, it was susceptible of being aided and made plain by parol evidence; and the charge ignores the evidence tending to show that the land was, in fact, included in said deed, and belonged to Payne.

The 10th charge is abstract and argumentative, and was calculated to mislead.　As we have stated, Payne owed plaintiff no duty to show her his deed, or to introduce it in evidence.

The 14th charge was abstract and calculated to con-

[Boggan v. Bennett.]

fuse and mislead the jury. There is no proof that Payne set up or relied on ten years adverse possession as a defense.

We would not reverse, however, for the giving of these abstract charges.

The 15th charge should not have been given. It fails to postulate that the deed referred to, under which plaintiff claims, covers the land in controversy.

The remaining charges given for plaintiff—Nos. 7, 9 and 13—when construed in the light of the evidence in the case, are free from error, as was the general charge of the court excepted to.

The charge requested by defendant was properly refused.—*East v. Pace*, 57 Ala. 521.

Reversed and remanded.