NICHOLAS GEORGES v. JOHN A. NIESS.[1]

December 2, 1897.

Nos. 10,667—(132).

Arbitration—Award—Waiver by Consent—Validity.
    In the case of a common-law agreement to submit disputed matters to arbitration, and an award made pursuant thereto, it is competent for the parties, by mutual consent, to waive or repudiate the award; and, when this has been done, one of the parties cannot afterwards set it up, and rely upon it against the other.

Same—Oral Agreement.
    The mutual agreement to waive the award may be oral.

Appeal by plaintiff from an order of the district court for Wright county, Smith, J., denying a motion for a new trial. Affirmed.

*W. H. Cutting,* for appellant.
*Wm. E. Culkin,* for respondent.

MITCHELL, J.

The parties being partners in business, the plaintiff brought this action to dissolve the partnership, for an accounting and for a winding up of the partnership business.

After the cause was at issue the parties entered into a common-

[1] Reported in 73 N. W. 644.

law agreement to submit to arbitration all matters in controversy between them in the pending suit. Pursuant to this submission the arbitrators made their award or awards in three instalments (Exhibits B, C, and C continued), which seem to have been made in the inverse order from that in which they are named. Subsequently both parties, being dissatisfied with the award, talked the matter over with their respective attorneys and mutually agreed verbally to repudiate and disregard the award and to proceed with the trial of the pending action, and to refer it to Mr. Alley to take the evidence and report judgment; whereupon the attorneys, with the knowledge and consent of their respective clients, announced in open court the agreement to refer the case to Alley and, in accordance therewith, the clerk entered in the minutes of the proceedings in court, under the title of the case, "Referred to J. T. Alley to take evidence and report judgment." Some months later the parties seem to have again changed their minds and, by their respective attorneys, entered into and filed a written stipulation that the cause might "be placed upon the calendar for the general December, 1894, term of said court for trial."

After all this had occurred the plaintiff served a supplemental complaint, alleging the submission to arbitration and the award and practically turning the action into one on the award. Defendant answered the supplemental complaint, setting up the defense, among others, in substance that, after the award was made the parties mutually agreed to repudiate it and go on with the trial of the action.

The case seems to have gone to trial by the court on the issues tendered and made by the supplemental pleadings, and the court found that the award had never been accepted or recognized by the parties and that, subsequently to the award, the parties by mutual agreement had placed the case upon the calendar of the court for trial; also, that the allegations of the supplemental complaint were not sustained by the evidence; and, as conclusions of law, ordered

"That the said cause under the supplemental complaint be and the same is dismissed. That the cause stand for trial upon the original pleadings in said cause."

While not expressed in so many words, the findings of the court amount in legal effect to findings (1) that no valid award has ever been made, and (2) that the parties had mutually agreed to repudiate the award that was made. We are of the opinion that the evidence justified both of these findings. The award seems to be uncertain, unintelligible and even contradictory, and for that reason void. But, conceding that the award was valid, the evidence amply justified the finding that the parties had mutually agreed to repudiate it. In fact, the evidence to this effect is conclusive.

The law is well settled that when parties have entered into an agreement to refer disputed claims to arbitration, and an award has been made by virtue of such agreement, it is entirely competent for them to waive or repudiate such award by mutual consent. Girdler v. Carter, 47 N. H. 305; Rollins v. Townsend, 118 Mass. 224. And if it be repudiated by the mutual consent of the parties, who refuse to be bound by it, it is too late for one of them to undertake to set it up and rely upon it against the other. Morse, Arb. 532. The act of the parties in mutually agreeing, after the award was made, to submit this action to a referee for trial would of itself, in the absence of an express agreement to the contrary, amount to a waiver of the award. Rollins v. Townsend, supra. Counsel for the plaintiff cites no case to the contrary and we think none can be found. Of course, we are speaking of a common-law submission. What may be the rule in case of a statutory submission, which is really a proceeding in court, we need not consider.

It is also contended that, conceding that it was competent for the parties by mutual consent to waive or repudiate the award, yet they could only do so in writing. We are not aware of any such rule of law and are referred to no authorities, to that effect. An oral agreement to submit to arbitration is good at common law. 2 Am. & Eng. Enc. (2d Ed.) 541; Morse, Arb. 50. Certainly, the evidence of a waiver or repudiation of the award need not be of any higher order than that of an agreement to submit.

Certain rulings on the trial are assigned as error, but it is unnecessary to consider any of these except to say that there was no error in admitting evidence as to what took place between plaintiff and his attorney in reference to waiving the award and referring

the cause to Alley for trial. These communications were not confidential but from their very nature must have been intended to be communicated to the adverse party.

Order affirmed.