## BLANTON *v.* LITTELL.

## Opinion delivered February 19, 1898.

1. ARBITRATION IN PROBATE COURT—EFFECT OF APPEAL—Where a matter in controversy in the probate court is submitted to arbitration by the agreement of the parties, and the award reported to the court, and judgment thereon rendered, an appeal to the circuit court does not abrogate the award, but brings up the case for· trial *de novo;* and, if necessary, the circuit court may·hear evidence to determine the contents of the agreement for submission or to identify the order of submission. (Page 78.)

2. AWARD—ABANDONMENT.—Where, after an award is made, the parties to the arbitration procure the appointment by the court of a special commissioner and the submission to him of the same matter in controversy, such conduct amounts, in the absence of evidence to the contrary, to an abandonment of the award.    (Page 78.)

Appeal from St. Francis͜ Circuit Court.

HANCE N. HUTTON, Judge.

### STATEMENT BY THE COURT.

Philander Littell was the guardian of Mary Blanton.  After his guardianship terminated, there was a controversy between him and the said Mary Blanton concerning the final settlement filed by him as guardian.    While this matter was pending before the probate court, an agreement was made between them to submit the matters concerning which they differed to arbitration, and a rule of court naming the arbitrators and umpire, and submitting the matter to arbitration, seems to have been made, but such order of court was not entered of record.  Afterwards the arbitrators made their award, showing that there was due from Mary Blanton to Philander Littell the sum of $55.43.  Exceptions to the same were filed by Mary Blanton, but on what grounds the exceptions were made does not appear from the record.    These exceptions were overruled, and the award was entered of record, and made the judgment of the probate court. Mary Blanton appealed to the circuit court.    Afterwards the circuit court made an order referring the cause to a special com-

missioner to restate the account between the parties, and he was ordered to report at the next term of the court. The record does not show at whose request this order was made. At the next term of the court the special commissioner filed his report, containing a statement of the account between the parties, as stated by him, and showing due from Littell to Mary Blanton a balance of $1,355.50.

Afterwards Littell filed his motion, asking that judgment be rendered on the award made by the arbitrators in his favor, and that the report of the commissoner be disregarded. To support this motion, Littell introduced as evidence a pencil-written order signed by the probate judge, but not entered of record, submitting the matter in controversy between the parties to' arbitration. In addition to this pencil-written order, the defendant also read to the circuit court the findings and award of the arbitrators and the judgment of the probate court upon said award.

The appellant, Mary Blanton, objected to the reading of the order signed by the probate judge, which had not been placed of record, and offered to show that said order was not the order under which the matter was submitted to arbitration. She also offered to show that there was a written agreement between the parties submitting the matters in controversy to arbitration, that the same had been lost, and she offered to show the contents of said lost writing. She also offered to show that Littell had abandoned the award. All of this evidence was rejected. The circuit court, holding that the parties could not abandon the arbitration by consent or otherwise, and finding that the award was not illegal on its face, gave judgment upon it. To all of which rulings the plaintiffs excepted in due form, and appealed

*T. J. Oliphint*, for appellant.

An agreement for re-arbitration waives an award, and, once it is repudiated, it cannot be restored. 26 Ill. 216; 23 Ill. 415; 3 Bush. 249; Russell on Awards (6 Ed.), 483; 2 Greene (Iowa), 260; 6 Mass. 70; 4 Me. 459; 9 Mass. 325; 8 Me. 290; 2 T. R. 781. A submission, being a contract, may be altered or amended at any time by consent of parties. Russell on

Awards, 82; Morse on Awards, 81; 17 Mass. 458; 37 Vt. 252; 15 Vt. 548; 3 Met. 576. That a written submission may be altered or amended by a subsequent parol agreement, see 9 Pa. St. 254; 20 Barb. 481; 6 Dana, 9; 1 Swan (Tenn.), 313; 6 Bing. 596; 17 Vesey, Jr., 419; 20 L. T., 318.

RIDDICK, J., (after stating the facts.) This is an appeal from a judgment of the circuit court rendered upon an award made by a board of arbitrators. The controversy between the parties arose in the probate court over the final settlement made by the appellee, Littell, as guardian of the appellant, Mary Blanton, and arbitrators to determine the matters in dispute were appointed by that court at the request of said parties. After the award had been made and reported to the probate court by the arbitrators, the appellant filed her exceptions to said report and award. These exceptions were overruled by the court, and judgment rendered upon the award, and she appealed to the circuit court.

The appeal from the probate court brought the case before the circuit court for trial *de novo*. It did not abrogate the award, but the circuit court had on appeal the same control over the award possessed by the probate court at the time the award was reported to said court, and before judgment had been entered thereon. It had the right to consider the exceptions to the award and report of the arbitrators filed by appellant, and to determine whether the award was valid and binding upon the parties. As the award rested upon the agreement of the parties, and the order of the probate court submitting the matter to arbitration, made in pursuance of said agreement, it was, of course, proper for the circuit court to know and understand the agreement and order. If, to determine the contents of such written agreement, or to identify the order of the probate court, it was necessary to hear evidence, the court should have heard it.

But, while we think the court might properly have heard the evidence offered by appellant on these points, we are not sure that, under the facts shown by the record, the refusal to hear it justifies a reversal of the judgment. It is conceded that there was an agreement to arbitrate the matters involved in this controversy, and that by consent of the parties the pro-

bate court submitted the matters to arbitration. The exceptions filed to the report and award do not appear in the record here, and we do not know what they set up, but no contention has been made here that the arbitrators exceeded their authority, or were guilty of conduct invalidating their award, and there is nothing to show or cause us to believe that the admission of the evidence offered by plaintiff would have affected the judgment of the circuit court in any way. We need not, however, consider that question further; for, in addition to the evidence noticed above, the appellant offered to show that Littell had voluntarily abandoned the award of the arbitrators. She offered to show that after the award had been made, and while the case was pending in the circuit court, he had consented and agreed to the appointment of a special commissioner to restate the account between the parties, and that such commissioner did restate the account. If this be so, it tended to show an abandonment by Littell of any rights held by him under the award; for, as parties may by agreement abandon and waive a settlement made by themselves, so in the same way they may waive or abandon a settlement or award made for them by arbitrators. *Rollins* v. *Townsend*, 118 Mass. 224. It is true that in this instance the probate court had rendered judgment upon the award, but the appeal brought the case before the circuit court for consideration and trial *de novo*. The circuit court, while the matter was pending before it, had power, for good cause shown, to set aside or recommit the award, and the parties might agree that this should be done, without a formal judgment of the court to that effect. If they procured the appointment of a special commissioner, and had the same matters in controversy submitted to him for determination anew, and had the account restated by him, this would, in the absence of evidence to the contrary, amount to an abandonment and waiver of the award, for such conduct on their part would manifest an intention and agreement to set aside and abrogate the award. *Rollins* v. *Townsend*, 118 Mass. 224; *Girdler* v. *Carter*, 47 N. H. 305; *Eastman* v. *Armstrong*, 26 Ill. 216; *Burnside* v. *Potts*, 23 Ill. 415; 2 Am. & Eng. Enc. Law (2d Ed), 790, 808.

For the reasons stated, we are of the opinion that the cir-

cuit court erred in refusing to hear and consider the evidence tending to show an abandonment of the award, before giving judgment upon the award.

The judgment is therefore reversed, and the cause remanded for further proceedings.

BATTLE, J., absent, and not participating.