LONDON *v.* SINGER.

1. BROKERS—COMMISSIONS, ORAL CONTRACT FOR, VOID.

An oral agreement for the payment of a commission on the sale of real estate is void under the statute of frauds.

2. ARBITRATION AND AWARD—AWARD MAY BE ABANDONED BY MUTUAL CONSENT.

Where parties enter into an agreement to arbitrate a disputed claim, and an award is made thereunder, they may, by mutual consent, waive and abandon said award.

3. BROKERS—ON ABANDONMENT OF ARBITRATION AWARD RIGHTS OF PARTIES REVERTED TO ORIGINAL CONTRACT.

In an action on an oral contract for a commission on the sale of real estate and to recover a sum of money deposited by plaintiff to satisfy any award that might be made against him based on another claimed oral contract for a commission on the sale of real estate, where the award of the arbitrator against plaintiff was abandoned by mutual consent, the rights of the parties reverted to the original contracts, which were void, and a verdict was therefore properly directed in favor of plaintiff for the amount deposited.

Error to Wayne; Snow (Ernest A.), J., presiding. Submitted June 20, 1923. (Docket No. 136.) Decided October 1, 1923.

Assumpsit by Benjamin H. London against Carl Singer for commissions on the sale of real estate, and for an amount paid on an arbitration agreement. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*Friedman & Meyers* (*Myron A. Schlissel,* of counsel), for appellant.

*Harry J. Lippman* (*Ralph W. Liddy,* of counsel), for appellee.

On arbitration agreements, their validity and binding force, see note in 47 L. R. A. (N. S.) 337.

McDONALD, J.    Plaintiff sues to recover a real estate broker's commission of $2,500 and $750 deposited under an arbitration agreement.    Through a sale by the plaintiff, as broker, the defendant became the owner of an apartment building at the corner of Bethune and Merrill streets in the city of Detroit.    He desired to re-sell the property and the plaintiff claims that he was employed to secure a purchaser under an oral agreement whereby he was to receive for his commission one-half of all the property brought above $50,000, which was the purchase price paid by the defendant; that he secured a purchaser ready, willing, and able to buy at the sum of $55,000, and that therefore he was entitled to a commission of $2,500.    The defendant denied any such agreement and refused to pay, claiming the plaintiff owed him $750 by virtue of an oral agreement under which he was entitled to one-half of a commission of $1,500, which plaintiff received on the original sale to the defendant.    This the plaintiff denied.    To adjust their differences the parties agreed to an arbitration by Fred M. Butzel. Each deposited $750 to satisfy any award that might be made.    The Butzel award was in favor of the defendant.    Plaintiff was not satisfied and a new agreement was made whereby the matter was to be submitted to three arbitrators.    A meeting of the three arbitrators was held; the plaintiff did not appear and no further proceedings were had.    On order of Mr. Butzel the $750 which plaintiff had deposited was paid to the defendant.    Thereupon plaintiff brought this suit.

On the trial the circuit judge directed a verdict for the plaintiff for $750, on the theory that the award was not of any validity because the contracts which were the subject of the arbitration were void under the statute requiring agreements for the payment of com-

mission on the sale of real estate to be in writing. The court said:

"The conclusion which the court is compelled to arrive at in this matter is that, the contract being void, the plaintiff is not entitled to recover his claim for compensation in the sum of $2,500 for the sale of this property for the defendant. However, the defendant as shown by the undisputed evidence in this case, under and by virtue of his attempt at arbitration, has $750 of the plaintiff's money to which the plaintiff is entitled."

It is conceded by both counsel that the alleged oral agreements for the payment of the commissions of $750 and the $2,500 are void. But it is the claim of counsel for the defendant that a void agreement may be the subject of a valid arbitration, and therefore the award made by Mr. Butzel is binding on the parties. If the validity of the Butzel arbitration be conceded, the fact remains that the undisputed evidence shows this award to have been subsequently waived and abandoned by mutual consent of the parties. The plaintiff was not satisfied with the award and refused to comply with it. Both parties decided to abandon it. It was thereupon agreed that another arbitration by three arbitrators should be had. The arbitrators were chosen and a day fixed for the hearing. The plaintiff claims that he was delayed in reaching the place of meeting and that when he arrived the other parties and the arbitrators had gone home. No further action was taken in the matter of the arbitration. It is not important that this second agreement to arbitrate was not carried out. The agreement itself abrogated the previous award.

"The law is well settled that when parties have entered into an agreement to refer disputed claims to arbitration and an award has been made by virtue of such agreement, it is entirely competent for them to waive or repudiate such award by mutual consent." *Georges* v. *Niess,* 70 Minn. 248 (73 N. W. 644).

"An award may be abandoned by consent of the parties who thereupon will be remitted to their original rights." *Eastman* v. *Armstrong*, 26 Ill. 216.

See, also, *Rawlinson* v. *Shaw*, 117 Mich. 5; *Rollens* v. *Townsend*, 118 Mass. 224; *O'Brien* v. *Reed*, 2 Fla. 448; *Hewell* v. *Railroad Co.*, 57 N. J. Eq. 511 (42 Atl. 325).

There having been a mutual abandonment of the Butzel award, the rights of the parties reverted to the original contracts which were void. Under this contract defendant was not entitled to the $750 which was wrongfully paid to him on order of Mr. Butzel. The court correctly directed a verdict for the plaintiff. It is unnecessary to consider other questions discussed in the brief.

The judgment of the circuit court is affirmed. The plaintiff will have costs.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.