JAMES PARKER *vs.* MOSES CLARK.

A. sued B. for pulling down a wall built by A. in a lane. Pending the suit, they agreed, under seal, that whereas there were differences between them "as to the ownership and use" of the lane, and B. claimed "an interest in the fee" of the lane and also a right of way therein, and the suit was pending about the wall, and both were desirous of settling "all questions between them touching their respective rights in and to the use of" the lane, they would submit "all said questions, including said suit," to an arbitrator, and abide by his award. At the hearing before the arbitrator, B. offered evidence to prove title in himself in the fee of the lane; A. denied this claim of title; and the matter was made subject of argument. The arbitrator awarded that A. had a right of way in the lane, and B. had no right of way therein or to pull down the wall; and as referee under a rule of court in the pending suit, he assessed damages against B. for pulling down the wall. *Held,* in a suit in equity brought by B. to avoid both awards, (the question of jurisdiction being waived,) that both should be declared void, for the omission of the arbitrator to pass on the question of title in the fee of the lane.

BILL IN EQUITY to avoid two awards made by an arbitrator, the first under a sealed agreement of submission executed by and between these parties, and the second under a rule of the superior court in an action there pending between them. The facts are stated in the opinion.

*D. Thaxter & F. Bartlett,* for the plaintiff, cited *Houston* v. *Pollard,* 9 Met. 164; *McNear* v. *Bailey,* 18 Maine, 251; *Wakefield* v. *Llanelley Railway & Dock Co.* 34 Beav. 245; Watson on Awards, 195; 2 Story Eq. (10th ed.) §§ 1450, 1451, 1456, 1456 *a*; *Skipworth* v. *Skipworth,* 9 Beav. 135; *Rand* v. *Redington,* 13 N. H. 72; Adams Eq. 192, 193; Gen. Sts. *c.* 113, § 2; *Adam* v. *Briggs Iron Co.* 7 Cush. 361; *Clouston* v. *Shearer,* 99 Mass. 209.

*J. P. Healy,* for the defendant.

CHAPMAN, C. J. It appears that Clark brought an action of tort, in the superior court, against Parker, for pulling down a brick wall which Clark had erected near the westerly end of Gloucester Place in Boston. While the suit was pending, the parties made an agreement under seal. It recites that differences had arisen between them "as to the ownership and use" of the place, and Parker claimed that he had "an interest in the fee of said place," and "a right to use the same not merely

as a way in connection with his estate on said place, recently purchased by him of David A. Neal," " but also to use the same in going to and from Harrison Avenue and his estate on Washington Street" which bounds in part on said place, for all purposes, to be used in common with other tenants in common of the fee of said place, "which said claims the said Clark denies." It further recites that " there is a difference between said parties as to the boundary line between Gloucester Place and said Parker's said estate on Washington Street;" and also the controversy and suit respecting the pulling down of the brick wall. And it concludes that the parties are desirous of having " all questions between them, touching their respective rights in and to the use of the place, and as to the line " settled; and agrees to submit " all said questions, including said suit," to an arbitrator; and the parties consent to abide by and perform his award. The award made under this agreement fixes the westerly line of Gloucester Place; finds that Parker has no right of way in the place; that Clark has a right of way there; and that the removal of the wall by Parker was tortious; and assesses damages therefor under a rule of court which had been made in the pending action; and the arbitrator, as referee under the rule, makes an additional award of the same damages.

It is agreed that the plaintiff offered evidence before the arbitrator, tending, as he contended, to prove his title to the fee of two undivided third parts of Gloucester Place; that his claim was denied; and that this matter was made the subject of argument. But the arbitrator has omitted that subject in his award; by accident or oversight, as it is said. We cannot interpret the finding that " the plaintiff has no right of way in .Gloucester Place" as equivalent to a finding that he has no interest in the fee. The two subjects are distinctly stated in the recitals of the agreement, and appear to have been separately presented at the hearing, and are not in their nature identical, though the ownership of an interest in the fee may be a ground for claiming a right of way. But it is not so of necessity. Making all presumptions in favor of the award, we cannot think that by a fair construction of it we can regard the question as determined by

the exercise of the judgment of the arbitrator, applied definitely to that question. That an award which fails to decide all the material questions submitted is invalid, is a principle well established. See cases cited for the plaintiff.

The award of damages, under the rule of court, is so dependent upon the other award, that both must fall together.

It is not necessary to decide whether the court has jurisdiction in equity to declare the award void; for, though the plaintiff may have a remedy at law, (see *Bean* v. *Farnam*, 6 Pick. 269, 274,) yet the question of jurisdiction is waived. Nor need we decide whether the court from which the rule of reference issued has power to furnish a remedy to the plaintiff by setting aside the award for damages; for, the whole matter being before us in equity, the remedy may be made complete.

Both awards may be declared void in this suit; and each party will then be at liberty to enforce his rights as he may be advised. *Decree accordingly.*