## DANIEL J. H. CAMP *vs.* GEORGE SESSIONS.

Under a submission to arbitrators "to decide upon the amount to be paid" by one party to the other "for the furniture, stock and fixtures in" a hotel, "and all other matters of dispute between the parties," an award stating a sum to be paid "as the valuation of the furniture, fixtures and good will of the property," is invalid, for omitting to determine the value of the stock, and for including the good will in the gross valuation, without its appearing that it was a matter in dispute.

CONTRACT on an award made by arbitrators between the plaintiff and the defendant. Writ dated September 27, 1869. The submission and award were annexed to the declaration, and in substance were as follows :

By the submission, which was signed and sealed by the parties under date of September 14, 1869, they agreed " to submit to the arbitration of " two persons named, " (they to choose the third man,) to decide upon the amount to be paid said Camp for the furniture, stock and fixtures in the hotel at Nos. 113 and 115 Front Street, Worcester, and all other matters of dispute between the parties, the award of the said men, or of a majority of them, to be final and binding upon both parties."

The answer, signed by the three arbitrators under date of September 22, 1869, omitting the signatures and formal parts, was as follows : " We, the undersigned, referees in the case of Sessions and Camp, give the following amount as the valuation of the furniture, fixtures and good will of the property in question, viz. $3759.77 ; Camp to give Sessions possession in twenty-four hours after payment."

The defendant demurred to the declaration, on the ground, among others, that the award was invalid under the submission; and in the superior court, *Devens*, J., by consent of the parties, reported the case before verdict, for the determination by this court of the questions raised by the demurrer.

*G. F. Verry*, for the defendant.

*A. Thayer*, for the plaintiff.

MORTON, J. The arbitrators were authorized, by the submission, to decide upon the amount to be paid to the plaintiff for the

furniture, stock and fixtures in the hotel, and all other matters of dispute between the parties. The award finds that " the valuation of the furniture, fixtures and good will of the property in question " is $3759.77. It does not appear that the good will was in dispute between the parties. The answer does not conform to the submission. It fails to determine the value of the stock which was embraced in the submission, and includes in the gross valuation fixed the value of the good will which was not referred to the arbitrators. As they have exceeded their authority, and the award is indivisible, it is therefore invalid. *Culver* v. *Ashley*, 17 Pick. 98. It is not necessary to consider the other objections made to the award. *Demurrer sustained.*