BOOTT MILLS *vs.* BOARD OF CONCILIATION AND ARBITRATION.

Middlesex.   May 12, 1941. — March 31, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, COX, & RONAN, JJ.

*Labor and Labor Union.   Arbitrament and Award.*

An award by the board of conciliation and arbitration which fails to decide all the material questions submitted to it for arbitration under G. L. (Ter. Ed.) c. 150 is invalid.

An award by the board of conciliation and arbitration, to whom were submitted for arbitration under G. L. (Ter. Ed.) c. 150 the two questions, what should be a fair rate of wages for loom fixers, and what should be a fair work load for them, was invalid in that it determined the first question only.

The board of conciliation and arbitration in the performance of its duties and the exercise of its powers in arbitration proceedings under G. L. (Ter. Ed.) c. 150 acts as a quasi judicial tribunal.

Each of the parties to arbitration proceedings before the board of conciliation and arbitration under G. L. (Ter. Ed.) c. 150 is entitled to a full hearing, to present all the evidence in his possession that is pertinent to the questions submitted, to learn and meet the claims of the opposing party, and to be heard upon the evidence adduced. Per DOLAN, J.

The board of conciliation and arbitration, in receiving and considering the report of an adjuster in its department whom, after the conclusion of hearings in arbitration proceedings pending before it under G. L. (Ter. Ed.) c. 150, it had directed to make an investigation of

problems involved therein, and in not making the report available to one of the parties to the arbitration nor giving him an opportunity to meet the evidence contained therein, committed error rendering its award invalid.

PETITION, filed in the Superior Court on October 18, 1940, for a writ of certiorari.

The case was heard by *Hurley*, J. In this court, it was argued at the sitting in May, 1941, before *Field*, C.J., *Donahue*, *Dolan*, & *Ronan*, JJ., and afterwards was submitted on briefs to all the Justices except *Lummus*, J.

*W. D. Regan*, (*W. S. Kenney* with him,) for the petitioner.

*R. T. Bushnell*, Attorney General, & *R. Clapp*, Assistant Attorney General, for the respondents, submitted a brief.

DOLAN, J. This is a petition for a writ of certiorari to quash arbitration proceedings had between the petitioner and the Loomfixers' Club Association before the respondent board, which made an award that the wages then being paid to loom fixers employed by the petitioner be increased by seven per cent. The judge of the Superior Court entered an order on January 15, 1941, that the petition be dismissed "as a matter of law" and reported the case to this court upon the petition, the answer, the return and amendment thereto, and upon the order for judgment. The case was argued before this court on May 12, 1941, which date was more than six months after the award as amended was made by the board.

The petitioner is a Massachusetts corporation engaged in the manufacture of cotton textiles in Lowell, and has in its employ a class of workers known as loom fixers, whose function is to repair and keep the looms in good working order.

In the fall of 1939 the loom fixers employed by the petitioner sought an increase of wages. After several attempts to reach a settlement of their demands, in which the respondent board took part as a board of conciliation, a strike was called by the loom fixers on June 18, 1940. The loom fixers were represented by the Loomfixers' Club Association. On that day the respondent, still acting as a board of conciliation, called a conference at which representatives of the petitioner and of the loom fixers were

present. One of the members of the board suggested that the parties submit their differences to arbitration under G. L. (Ter. Ed.) c. 150, as amended. This suggestion was accepted by the parties and a document entitled "Recommendations of the State Board of Conciliation and Arbitration" was drafted by one of its members and signed by the petitioner and the Loomfixers' Club Association. The document provided as follows: "1. Loomfixers to return to work in the Boott Mills on the first possible shift on Wednesday, June 19, 1940, without discrimination. 2. The Board of Conciliation and Arbitration to arbitrate the following questions on Thursday, June 27, 1940: A. What should be a fair rate of wages for the loomfixers? B. What should be a fair work load for the loomfixers? 3. The above question (#2) to be submitted to the Loomfixers' Association at a meeting to be held at 9:30 A.M. Wednesday, June 19. 4. If the Association approves, then this recommendation shall go into effect according to its terms." The so called recommendation did not contain a promise by the employees concerned not to strike until after the decision of the board if made within three weeks of the filing of the application as required by G. L. (Ter. Ed.) c. 150, § 6. Pursuant to the "agreement" before referred to, a hearing was held by the board on June 27, 1940. All of the evidence presented at the hearing is set forth in the respondent's return. Toward the conclusion of the hearing the board indicated that it would appoint one of its employees to investigate the question of work load, and over the objection of the petitioner decided so to do. Shortly after the conclusion of the hearing the board directed one Tully, "Industrial Relations Adjuster for the Board of Conciliation and Arbitration, in the Department of Labor and Industries, to make an investigation of the problems involved and report thereon to the Board." Tully, having made such investigation, submitted a report to the board which is set forth in its return. The petitioner "was not given an opportunity to examine . . . Tully upon his qualifications and . . . his report was not exhibited to or made available to . . . [the petitioner]."

On September 9, 1940, the loom fixers called a strike and on September 16, 1940, the board made an award granting a seven per cent increase in wages of the loom fixers to take effect as of August 12, 1940. This award was amended by the board on October 14, 1940, so as to make the award of increase of wages effective as of September 16, 1940, the date of the original award. Suggestions were made by the board in the award concerning the work load but no specific award was made with relation to it. The petitioner contends that the award made by the board is vitiated by errors of law apparent on the face of the return.

We are of opinion that the award made by the board is invalid.

The petitioner and the loom fixers submitted two questions for arbitration: what should be a fair rate of wages, and what should be a fair work load for the loom fixers. It is manifest that these questions were interdependent. The board, however, while making certain general observations and recommendations about the work load based upon the report of Tully, did not decide what was a fair work load, but merely awarded an increase in wages to the loom fixers. In so doing the board, acting as arbitrators, did not pursue its commission as to one of the questions submitted for arbitration which had a direct bearing upon the proper determination of the other question as to which an award was made. "That an award which fails to decide all the material questions submitted is invalid, is a principle well established." *Parker* v. *Clark*, 104 Mass. 431, 433. *Rollins* v. *Townsend*, 118 Mass. 224, 227, and cases cited. *Kabatchnick* v. *Hoffman*, 226 Mass. 221, 224.

Under the provisions of the governing statutes, upon submission of the controversy to the members of the board as arbitrators, the board is required to hear all persons interested and to make a written decision "which shall at once be made public, shall be open to public inspection and shall be recorded by the board." G. L. (Ter. Ed.) c. 150, § 5, as appearing in St. 1938, c. 364, § 2. Under § 8 the board or any member thereof is authorized to summon witnesses, administer oaths, take testimony and to

require the production of books and documents. Section 7 provides, in part, that each party to the application for arbitration may in writing nominate fit persons to act in the case as expert assistants to the board, and that the board may appoint one from the persons so nominated by each party, and may appoint such additional experts as it considers necessary. In the light of the duties and powers of the board, it is clear that in their performance and exercise it acts as a quasi judicial tribunal. In the course of the proceedings before it under the statute each of the parties was entitled to a full hearing, to present all the evidence in his possession that was pertinent to the questions submitted, to learn and meet the claims of the opposing party, and to be heard upon the evidence adduced. Nothing could be treated by the board as evidence which was not introduced as such, and we cannot say that the report of Tully, which was made to the board after the hearing was concluded and which was not exhibited to or made available to the petitioner, may not have been an important factor in the conclusion reached by the board. While doubtless the board was acting in good faith and in an honest effort to render a just decision, we are of opinion that it is apparent on the face of the return that the petitioner was not given that full hearing to which it was entitled, and that the board erred as matter of law in receiving and considering the report of Tully without affording the petitioner an opportunity to meet that evidence. *American Employers' Ins. Co.* v. *Commissioner of Insurance,* 298 Mass. 161, 167, 168, and cases cited. *Glass-Pendery Consolidated Mining Co.* v. *Meyer Mining Co.* 7 Colo. 51, 53. *Valley Mould & Iron Corp.* v. *National Labor Relations Board,* 116 Fed. (2d) 760, 767. *Morgan* v. *United States,* 304 U. S. 1. *Wisconsin Telephone Co.* v. *Public Service Commission,* 232 Wis. 274, 294. For this reason as well as for the failure to decide both questions submitted to it for arbitration, the award of the board is invalid and the proceedings in question must be quashed.

*So ordered.*