CHARLES A. BURNS & another *vs.* THOMAS COOK & SONS, INC., & others.

Suffolk.    November 9, 1944. — December 8, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Labor and Labor Union.    Arbitration.    Waiver.*

Invalidity of an award by the board of conciliation and arbitration, which is to be treated like an award at common law, may be set up in defence to a proceeding to enforce the award.

The facts, that a party to a submission to arbitration by the board of conciliation and arbitration with respect to a "question of duration of contract and wages" assented to the appointment of an expert by the board and afterwards knew of the filing of the expert's report but made no request for a hearing upon the matters in the report until after the board had considered the report and had rendered its decision without giving him any opportunity for such a hearing, did not show as matter of law that he had waived his right to such a hearing.

An award by the board of conciliation and arbitration was invalid where the board considered the report of an expert appointed by it and made its decision without affording the parties, who had not waived their right to a hearing upon matters in the report, any opportunity for a hearing thereon.

BILL IN EQUITY, filed in the Superior Court on July 10, 1940.

The suit was heard by *Burns,* J., upon the reports of a master.

*B. Ginsburg*, for the plaintiffs.

*S. Susser*, for the defendants.

DOLAN, J.    This is a bill in equity brought by the plaintiffs, representing that they are officers, members and business agents of Local No. 379 of the International Brotherhood of Teamsters, Chauffeurs, Stablemen, and Helpers of America, comprising approximately two thousand five hundred members, whose interests are the same as those of the plaintiffs, that they are too numerous to mention, and that their interests will be fairly and fully represented without their being joined as parties.  By the bill the plaintiffs seek to enforce an award made by the board of conciliation and arbitration on a submission to arbitration by the plaintiffs and the defendants with respect to the "question of duration of contract and wages."  The case was referred to a master, and after his report was filed the judge, reciting that the report had been filed prior to the decision in *Boott Mills* v. *Board of Conciliation & Arbitration*, 311 Mass. 223, entered an interlocutory decree ordering that it be recommitted to the master to hear the parties and their evidence solely upon the following matters, and to report his findings thereon to the court: "1. The time and circumstances under which an accountant was employed, or experts were appointed, by the board of conciliation and arbitration.  2. Whether or not the parties knew of, or assented to, such employment or appointment.  3. Whether or not a report was made by the accountant or experts to, and considered by, the board.  4. Whether or not the parties were afforded an opportunity to see the report and to meet the evidence.  5. Whether the parties waived the right to see the report and to meet the evidence."  Thereafter the master filed his report in which he found, in substance, that certain experts were appointed by the board to examine the financial records of four of the employers (defendants here);  that the parties to the arbitration assented to their appointment;  that a report was made by the experts to the board and was considered by the board;  that no notice was sent by the board to the parties after the report was filed;  that no hearing was held

by the board after the report of the experts was filed; that no opportunity for a hearing was offered the parties; and that they knew that a report had been filed and made no request for a hearing to present evidence or to meet the "evidence of the report" until after the decision of the board. He also found that unless these facts "as a matter of law constitute a waiver of the right to see the report and meet the evidence . . . there was no waiver by the parties." An interlocutory decree was entered overruling the exceptions to the master's reports, and confirming them, and a final decree was entered dismissing the bill. The plaintiffs appealed from these decrees.

The award in question fixing the rate of pay for drivers at seventy-two cents an hour retroactively from December 13, 1939, to July 1, 1940, and at seventy-five cents an hour from July 1, 1940, to April 1, 1941, was made on April 1, 1940. Since it thus appears that the duration of the award has expired under its terms, the only possible relief that the plaintiffs could obtain, if the award is valid, would be by way of damages. It is unnecessary to recite in detail the subsidiary findings of the master upon which he based his ultimate findings in response to the direction of the judge as set forth above. An examination of all the findings of the master satisfies us that those ultimate, decisive findings are not inconsistent with any of his subsidiary findings. Therefore his ultimate findings must stand. See *Dodge* v. *Anna Jaques Hospital*, 301 Mass. 431, 435. The exceptions to the master's reports were overruled properly and there was no error in the decree confirming the reports.

The defendants, relying largely upon *Boott Mills* v. *Board of Conciliation & Arbitration*, 311 Mass. 223, argue that the award of the board is invalid and therefore unenforceable, and in the alternative that the plaintiffs have no standing in these proceedings to recover wages alleged to be due under the award to the individual members of the union. In the view that we take of the case it is unnecessary to decide whether in any case the present proceeding would lie, or whether the only remedy for the plaintiffs in a proper case would be by an action at law. See *Second*

*Society of Universalists in Boston* v. *Royal Ins. Co. Ltd.* 221 Mass. 518, 529. See also *Jones* v. *Boston Mill Corp.* 4 Pick. 507, 511–516; 3 Am. Jur., Arbitration and Award, § 167, and cases cited. There is no provision in the statutes for enforcement of awards made by the board. We are of opinion that properly the award is to be treated as would be an award at common law, under which the submission to arbitration is "virtually a contract to do what shall be awarded." *Jones* v. *Boston Mill Corp.* 4 Pick. 507, 515. 6 C. J. S., Arbitration and Award, §§ 8, 14, and cases cited. 3 Am. Jur., Arbitration and Award, §§ 154, 157, and cases cited. It is settled that, in any proceeding to enforce such an award, its invalidity may be set up as a defence. *Bean* v. *Farnam*, 6 Pick. 269, 273–274. *Strong* v. *Strong*, 9 Cush. 560, 569–574. *Mickles* v. *Thayer*, 14 Allen, 114, 121. *J. F. Fitzgerald Construction Co.* v. *Southbridge Water Supply Co.* 304 Mass. 130, 134, and cases cited. See *Hall* v. *Vanier*, 6 Neb. 85; *Whitehead* v. *Gray*, 7 Halst. 36; *Ruckman* v. *Ransom*, 6 Vroom, 565; *Dodds* v. *Hakes*, 114 N. Y. 260; *Butler* v. *Mayor of New York*, 7 Hill, 329, 331; *People* v. *Board of Health of Fayette*, 83 App. Div. (N. Y.) 571; *Atlanta & Richmond Air Line Railroad* v. *Mangham*, 49 Ga. 266; *Wilkes* v. *Cotter*, 28 Ark. 519. See also *Second Society of Universalists in Boston* v. *Royal Ins. Co. Ltd.* 221 Mass. 518.

Since we are of opinion that the plaintiffs could not prevail in any action based upon the award, we deem it appropriate to dispose of the case without regard to the form of the proceeding. It is established by the findings of the master that the board in arriving at its decision considered the report of the experts appointed without giving the defendants an opportunity to examine it and to introduce evidence to meet it, and that the defendants through their representative protested this action of the board and refused to accept its decision. While the master has found that the defendants knew that the report had been filed and that they made no request for a hearing to present evidence or to meet the "evidence of the report" until after the board had rendered its decision, we are of opinion that it

cannot be said as matter of law that they thus waived their rights to be further heard. In the circumstances it was the duty of the board not to proceed to decision before further hearing and notice thereof to the defendants.

In the performance and exercise of their duties the board acts as a quasi judicial tribunal. As was said by the court in *Boott Mills* v. *Board of Conciliation & Arbitration*, 311 Mass. 223, 227, "In the course of the proceedings before it under the statute each of the parties was entitled to a full hearing, to present all the evidence in his possession that was pertinent to the questions submitted, to learn and meet the claims of the opposing party, and to be heard upon the evidence adduced. Nothing could be treated by the board as evidence which was not introduced as such, and we cannot say that the report of . . . [the experts], which was made to the board after the hearing was concluded and which was not exhibited to or made available to the . . . [defendants], may not have been an important factor in the conclusion reached by the board." It is established by the report of the master that the defendants were not given that full hearing to which they were entitled. It follows that the board erred as matter of law in receiving and considering the report of the experts without affording the defendants an opportunity to meet that evidence, and that the award is invalid. *Boott Mills* v. *Board of Conciliation & Arbitration*, 311 Mass. 223, 227, and cases cited.

It is unnecessary to decide whether the award of the board was invalid for other reasons assigned by the defendants. The final decree dismissing the bill was entered rightly.

*Interlocutory decrees affirmed.*
*Final decree affirmed with costs.*