### HARRY S. BALDWIN vs. HORACE A. MOSES.

Middlesex.    January 9, 1946. — April 1, 1946.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Arbitration.    Contract*, Construction, For arbitration.

An award by an arbitrator in a common law arbitration must conform to the terms of the submission and is invalid if it falls short of deciding all that is submitted.

A common law arbitration of liability under promissory notes, established by letters between the disputants in which they finally agreed to arbitration of "all differences" between them, required of the arbitrator a fixing of actual sums to be paid where a solution of the disputes arbitrated was to be found in the payment of money, and not merely a declaration by the arbitrator of general propositions designed to serve merely as a starting point for reaching such solution.

An award under a common law arbitration submitting "all differences" between the parties as to several matters, including certain promissory notes, in which the arbitrator merely stated his opinion that the notes were for accommodation of one of the parties and that the other "should be repaid for whatever he" had paid thereon, but did not state any amount to be paid, was invalid in that it fell short of deciding all that was submitted by the arbitration.

Neither a letter, sent by an arbitrator under a common law arbitration to the parties in transmitting his award and expressing his belief as to what the parties were "interested" in having him rule, nor a letter to him by one of the parties, affected the terms of the submission as established by correspondence between the parties.

CONTRACT.    Writ in the Superior Court dated January 2, 1941.

The case was heard by *Baker*, J., without a jury.

*J. N. Clark*, for the plaintiff.

*J. B. Ely*, (*R. Ely* with him,) for the defendant.

QUA, J. This is an action of contract to enforce the award of an arbitrator in so far as it deals with two promissory notes. The trial judge found for the defendant. The plaintiff excepts.

Through a series of letters the parties agreed to submit to common law arbitration several matters in dispute between them. One of these matters related to the two

notes, which are treated together in the award. One note was for $25,000 signed by the plaintiff and the defendant. The other was for $45,000 signed by the plaintiff alone. The circumstances under which these notes were made do not fully appear. The arbitrator stated in his award that in his opinion both notes were given for the accommodation of the defendant, and that the plaintiff "should be repaid for whatever he has paid" on these notes. The arbitrator so ruled. The foregoing is the entire substance of the award in so far as it relates to the two notes. There is no finding as to how much the plaintiff has paid on the notes or how much the defendant owes the plaintiff in respect to them. This action is brought to recover the amount the plaintiff claims to have paid. At the trial the plaintiff sought to prove this amount by evidence outside the award. The judge finally excluded this evidence and ruled that the award was invalid as a basis of recovery in respect to these notes. The sole issue, presented in various ways, is the sufficiency of the award as a common law award with respect to the notes.

A common law award finds its sanction in the contract of the parties which constitutes the submission. *J. F. Fitzgerald Construction Co.* v. *Southbridge Water Supply Co.* 304 Mass. 130, 134. The award must therefore conform to the terms of the submission. *Bigelow* v. *Newell*, 10 Pick. 348, 354. As to each matter arbitrated the award is invalid either if it goes beyond the scope of the submission or if it falls short of deciding all that is submitted. *Mickles* v. *Thayer,* 14 Allen, 114, 121, 122. *Houston* v. *Pollard*, 9 Met. 164. *Parker* v. *Clark*, 104 Mass. 431. *Camp* v. *Sessions*, 105 Mass. 236. *Rollins* v. *Townsend*, 118 Mass. 224, 227. *Kabatchnick* v. *Hoffman*, 226 Mass. 221. *Boott Mills* v. *Board of Conciliation & Arbitration*, 311 Mass. 223, 226. Williston on Contracts (Rev. ed.) § 1929. See *Burns* v. *Thomas Cook & Sons, Inc.* 317 Mass. 398, 401.

In this case the plaintiff contends that by the terms of the submission as shown by the letters it was the duty of the arbitrator merely to define in general terms the obligations of the parties, and that it was not his duty to find specifically

an amount of money due from one party to the other, and therefore that the arbitrator's finding that the notes were given for the accommodation of the defendant and his statement that the plaintiff should be repaid whatever he had paid upon them fully covered the field opened by the submission and furnished a valid basis for recovery in this action upon proof being supplied of the amount paid. We agree that the construction of the submission is a matter to be decided by us upon the letters which passed between the parties, but we do not agree that the letters are to be construed as the plaintiff contends, even if we assume that a submission restricted to such generalities could lead to an enforceable award. See *Huntsman* v. *Nichols*, 116 Mass. 521.

It is true that in the first letter of the series the defendant, in dealing with the suggested arbitration of a single matter having nothing to do with the notes here involved, mentioned "percentage" "for the future" as the thing to be determined, but the plaintiff never agreed to this. Instead he insisted upon arbitration of "all differences" between the parties and expressed his willingness to lay before the arbitrator "all the facts of our various dealings." Thereafter the defendant expressed his willingness to "meet . . . [the plaintiff's] views in arbitrating everything over which there is a misunderstanding or difference of opinion." Later the defendant wrote to inquire "whether there is any question as to this being an arbitration of our differences the result of which will be binding on both parties." He added, "I think this is the definite understanding of both of us, but I believe now is the time to avoid any possible misunderstanding." To this the plaintiff replied that it was his understanding that both parties agreed to abide by the decision of the arbitrator, and that the plaintiff was "so completely committed to the thought that this was a means of getting misunderstanding behind us" that he was a bit surprised that the defendant questioned the point.

This does not seem to us to be the language of an unusual type of submission limited throughout to the declaration of general propositions designed to serve merely as starting

points from which through further negotiation or proof final adjustments might be made. Rather it seems to us to look toward a fixing of the actual sum to be paid wherever the final solution of a matter submitted is to be found in the payment of money. We think that if the arbitrator had gone farther and had made a finding of the sum actually due on account of the notes a contention that he had exceeded the bounds of the submission would hardly appear plausible. We do not think that the defendant's suggestion of "percentage" "for the future" in regard to the proposed arbitration of a single matter other than the notes — a matter which seemingly could not be settled by a present payment — can be carried over into the later negotiations after the plaintiff had rejected that suggestion and after both parties had agreed to arbitrate all differences, including the matter of the notes, so as to preclude a decision upon the actual amount presently due on account of the note transaction. Neither do we see how a statement by the arbitrator in the letter to the parties wherein he transmitted his award tending to indicate his belief that the parties were "interested" only that he "rule on certain points" can affect the construction of the contract of the parties as evidenced by the writings before us. And certainly the arbitrator's duty was not affected by a letter sent to him by the plaintiff. It is to be noted that the arbitrator did not in fact content himself with general rules about the notes. He found that a present payment of money should be made without stating its amount.

We regard it as settled in this Commonwealth by *Fletcher* v. *Webster,* 5 Allen, 566, that where the ascertainment of an amount due is within the scope of a submission, an award for the payment of money which does not state the amount to be paid and does not in itself afford any means by which that amount can be made certain is invalid. In that case an award between a contractor who had built a house and the owner provided for the payment of a sum dependent upon the amount already paid on the contract and the amount required to discharge liens, without stating the amount already paid or the amount of the liens. It was

held that the award did not satisfy the requirement of completeness. That case rested in turn upon *Waite* v. *Barry*, 12 Wend. 377, where it was held that an award providing for a payment after deducting the amount already paid but failing to disclose the amount already paid was insufficient. To the same effect are *Colcord* v. *Fletcher*, 50 Maine, 398, *Whitcher* v. *Whitcher*, 49 N. H. 176, 183, and *Cauthorn* v. *Courtney*, 6 Grat. 381. See *Lincoln* v. *Whittenton Mills*, 12 Met. 31; *Giles* v. *Royal Ins. Co.* 179 Mass. 261, 267–268; *Franks* v. *Franks*, 294 Mass. 262, 267; *Lyle* v. *Rodgers*, 5 Wheat. 394; and Sturges, Commercial Arbitrations & Awards, § 225, at pages 561–564. Compare *Strong* v. *Strong*, 9 Cush. 560, 566–567.

Commonly the object of an arbitration is to settle the entire controversy out of court. How far an award which, where a present payment is involved, does not state the sum due may fall short of accomplishing that object is well illustrated by the plaintiff's offer of proof in this case. He offers an account which, without including footings, contains approximately ninety items of interest paid, of principal paid, of "Interest Received," of "Return of Principal," of "Mass. Income Tax Deducted from Payments," and of calculations of interest on balances. The account is such that it might well be submitted to an auditor and, if contested by the defendant, as it might have been if the defendant had not relied upon the invalidity of the award, could easily have led to a prolonged trial.

*Exceptions overruled.*