**LA COTONNIERE DE MOISLAINS**

v.

**H & B AMERICAN MACHINE CO., Inc.**

**Civ. A. No. 55–742.**

United States District Court
D. Massachusetts.
March 6, 1956.

John F. Groden, Charles C. Worth, Withington, Cross, Park & McCann, Boston, Mass., for plaintiff.

Henry E. Foley, Foley, Hoag & Eliot, Boston, Mass., for defendant.

FORD, District Judge.

Plaintiff, alleging itself to be a French corporation, brings this action to enforce an award in its favor made by a board of three arbitrators to whom was submitted a controversy involving claimed breaches of a contract between plaintiff, and a predecessor corporation of defendant. This contract for the sale of certain cotton manufacturing machinery by defendant's predecessor to plaintiff and its installation in plaintiff's plant in France contained a provision, Clause 14, for the submission to arbitration of "any dispute between the parties hereto in any way arising or growing out of this Contract, * * *." Disputes having arisen, plaintiff requested " * * * that an arbitration procedure be held for the purpose of finally settling all questions presently outstanding between us * * *."

Arbitration was held in accordance with this request and on May 24, 1955 the arbitrators made a general award in favor of plaintiff, the essential paragraph of which reads: "We find for La Cotonniere de Moislains and award and assess damages in the sum of $42,939.00, and direct the H & B American Machine Company to pay said amount to La Cotonniere de Moislains. Plaintiff in this action now moves for summary judgment in the amount of that award.

Defendant opposes the granting of a summary judgment on the ground that the award is not a valid and enforceable one, and on the further ground that plaintiff is not, as it alleges, a corpora-

tion, and hence has no capacity to sue as a corporation.

■ Defendant contends that the award is invalid because it goes beyond the scope of the submission and covers matters beyond the jurisdiction of the arbitrators, and further that the award is not final and definite because it does not dispose of all the claims properly submitted. Baldwin v. Moses, 319 Mass. 401, 402, 66 N.E.2d 24. Plaintiff has submitted an affidavit of the arbitrators stating in general terms that their award was a final one on all claims submitted and does not include damages on any claims that were not properly submitted. Defendant has not pointed out specifically any claim which it says was improperly included or omitted but says in an affidavit filed under Fed.Rules Civ.Proc. rule 56(f), 28 U.S.C.A., that it has not yet had an opportunity to interrogate the arbitrators who alone can tell just what they did consider. Defendant should not be bound by the general statement of the arbitrators, since this in effect states only their conclusion that they acted strictly in accordance with the arbitration agreement. Until defendant has had an opportunity to take the depositions of the arbitrators, it cannot present the facts, if such exist, which would support its defense. The case is not one to be decided by summary judgment at its present stage, and the motion should be denied without prejudice to its renewal when the factual situation has been fully explored.

■ Defendant has filed written interrogatories to be propounded to the arbitrators on the taking of their deposi-tions. Plaintiff objects to certain of these interrogatories and asks for an order under Rule 30(b) that the matters set forth in these interrogatories shall not be inquired into. Defendant, of course, has a right to the testimony of the arbitrators as to whether or not the arbitrators in arriving at their award made a decision on determination as to specific issues in the case. Plaintiff does not object to such interrogatories. Plaintiff does object to interrogatories seeking to determine the specific amount of damage, which was included in the award on account of each particular claim. Such questions go beyond the permissible limit of interrogation of arbitrators. VIII Wigmore on Evidence, (3rd Ed.) § 2358, pp. 713, 714; Evans v. Clapp, 123 Mass. 165, 169. They are apparently directed not merely to a determination of what issues were decided by the arbitrators, but to opening up the question of whether the arbitrators' decision on each issue was correct. It is not now open to defendant to attack the award on the ground the arbitrators may have committed errors of fact or law in passing on these issues, but only whether the issues decided by them were with the scope of their authority. Mutual Benefit Health & Accident Ass'n v. United Casualty Co., 1 Cir., 142 F.2d 390, 393. Hence plaintiff's objections to the interrogatories listed in its motion must be upheld.

Plaintiff's motion for summary judgment is denied without prejudice. Plaintiff's objections to interrogatories are sustained. Plaintiff's motion for protective order is allowed.