LAURETTE M. CARUSO & another *vs.* HARVEY L. PASTAN, trustee, & another.

Essex.    November 13, 1972. — January 3, 1973.

Present: HALE, C.J., KEVILLE, & GRANT, JJ.

*Zoning,* Special permit.   *Quasi-Judicial Tribunal.*

Upon an appeal from a final decree of the Superior Court sustaining without modification a decision of a zoning board of appeals, granting a special permit, this court declined to substitute its judgment for that of the board. [29-30]

A decision of the zoning board of appeals of a town granting a special permit exempting a "planned unit development" of apartment buildings located within a limited apartment district and on land subject to the Subdivision Control Law from various requirements of the zoning by-law was not invalid by reason of a private consultation between the board and the town planning board after the conclusion of the public hearing held by the appeals board and before its decision which did not include a discussion of the merits of the pending case

before the appeals board or influence its decision in any respect
[30-31]; nor did the appeals board's requirements that the permittee
connect his development to a proposed sewer main in a parkway
vitiate the board's decision [31].

BILL IN EQUITY filed in the Superior Court on September 4, 1970.

The suit was heard by *Moriarty,* J.

*James W. Killam, III,* for the plaintiffs.

*Gerald E. Katz* for the defendant Harvey L. Pastan, trustee.

GRANT, J. The plaintiffs have appealed from a final decree of the Superior Court which, among other things, sustained without modification a 1970 decision of the board of appeals of the town of Saugus granting a special permit to an applicant under § 17B of the zoning by-law.[1] The permit had the effect of exempting a "planned unit development" of apartment buildings from the operation of various requirements of the by-law with respect to lot sizes (§ 10A), usable land areas (§ 10A), percentage of lots covered (§ 11D), front and side yards (§ 12), street frontages (§ 10A) and proximity of off-street parking spaces (§ 13H) which would otherwise have applied to the locus, which already lay within a "limited apartment" district (§§ 3[8] and 6B [2] ). The plaintiffs are the owners of and reside in a home some four or five hundred yards from the locus.

The trial judge made detailed findings of fact, amply supported by the reported evidence, which led him to conclude that the proposed development "is in complete harmony with the general purpose and intent of the" by-law (see G. L. c. 40A, § 4, as most recently amended by St. 1966, c. 199) and that "[t]he permitted exception is precisely the type contemplated by" the aforementioned § 17B. As there is nothing in the findings or the evidence to suggest that the board's decision was "based on a legally untenable ground, or . . . [was] unreasonable, whimsical or

---

[1] See G. L. c. 40A, §§ 4 (as most recently amended by St. 1966, c. 199), 15 (2) (as inserted by St. 1954, c. 368, § 2), 17 (as amended through St. 1968, c. 336), 18 (as amended through St. 1970, c. 271) and 21 (as amended through St. 1970, c. 80).

arbitrary" (*Golden* v. *Selectmen of Falmouth,* 358 Mass. 519, 523, and cases cited), and as we cannot substitute our judgment for that of the board (*Gulf Oil Corp.* v. *Board of Appeals of Framingham,* 355 Mass. 275, 277-278), we lay to one side the plaintiffs' voluminous arguments as to the wisdom of the board's decision. Their remaining arguments must be placed in their proper context.[2]

The development of the locus was subject to the jurisdiction of the planning board under the provisions of the Subdivision Control Law (G. L. c. 41, §§ 81K through 81GG). In addition, § 17B (4) of the zoning by-law required the planning board to, and it did, submit to the board of appeals a written report of its recommendations with respect to the apartment development as it was portrayed on the plan which the applicant was required to, and did, submit to the latter board prior to the public hearing. Both that plan and another bearing some sort of written approval by the planning board under the subdivision control law[3] were submitted at the public hearing. After the conclusion of the public hearing, but prior to issuing its decision, the board of appeals consulted privately with the planning board. The judge made no findings on this point, but a careful review of the evidence discloses that the discussion between the two boards centered on the requirements ultimately found in the decision of the board of appeals with respect to the applicant's connecting the development to a 12 inch sewer main proposed to be constructed in Lynn Fells Parkway and his posting a bond to insure his completion of the requirements shown on the plan submitted to the board of appeals under § 17B (4) of the by-law.[4] The

---

[2] The plaintiffs expressly disavow any attack on the validity of the by-law.

[3] The latter plan may or may not have been a definitive subdivision plan within the meaning of G. L. c. 41, § 81U, as amended through St. 1967, c. 567.

[4] A requirement of a sewer connection would seem more properly to lie within the area of responsibility committed to the planning board and the board of health under the subdivision control law. See G. L. c. 41, § 81M, as inserted by St. 1953, c. 674, § 7, and as most recently amended by St. 1969, c. 884, § 2; *Daley Construction Co.* v. *Planning Board of Randolph,* 340 Mass. 149, 152-155; and *Caruso* v. *Planning Board of Revere,* 354 Mass. 569. We see no express

applicant was not present at the conference between the two boards, and there is nothing to suggest that the merits of the pending case were discussed or that the basic decision of the board of appeals to grant the permit was influenced in any respect.

Although we think the board of appeals should not have discussed the case with the planning board following the conclusion of its public hearing and prior to issuing its decision (see *Boott Mills* v. *Board of Conciliation and Arbitration,* 311 Mass. 223, 225-227, and *Moran* v. *School Committee of Littleton,* 317 Mass. 591, 594), we see nothing in the facts of the present case which requires us to annul the decision of the board of appeals for that reason.

Nor did the inclusion of the unconditional requirement of a sewer connection vitiate the decision of that board. See *Shoppers' World, Inc.* v. *Beacon Terrace Realty, Inc.* 353 Mass. 63, 69-70. Cf. *Weld* v. *Board of Appeals of Gloucester,* 345 Mass. 376, 378-379.

We have confined our consideration to those issues open to the plaintiffs which they can fairly be said to have argued in their brief. Rule 1:13 of the Appeals Court. Rule 1:13 of the Supreme Judicial Court.

*Decree affirmed.*

warrant for the inclusion of the bond requirement. Compare, as to a planning board, G. L. c. 41, § 81 U, as amended through St. 1967, c. 567. The applicant does not complain of either of these requirements, and we do not see how their inclusion harmed the plaintiffs.