GRAHAM THOMSON vs. BOARD OF APPEALS OF LANESBOROUGH. July 16, 1979. This is an appeal by the plaintiff from the defendant board's denial of his application for a special permit to enable him, it seems (the application is not before us), to use his premises as a private club serving alcoholic beverages to members. A judge of the Superior Court remanded the case to the board for a decision setting forth in greater detail the reasons for its denial of the permit; another judge of the Superior Court then ruled, in essence, that the amended decision did not exceed the authority of the board. It is impossible for us to evaluate the plaintiff's contention that that ruling was erroneous on the portions of the record brought before us, which do not include the minutes of the meeting at which the board heard the application or either the board's original or amended statements of its reasons for the denial. Indeed, we lack the full text of the zoning by-law relative to the standards applicable to the granting of special permits. As to these critical omissions, see *Kunen* v. *First Agricultural Natl. Bank*, 6 Mass. App. Ct. 684, 690-691 (1978). Looking at what is before us (the transcript of the Superior Court hearing and the judge's findings and decision), we find no showing by the plaintiff that the board's decision was based on a legally untenable ground or was unreasonable, capricious, or arbitrary. *Gulf Oil Corp.* v. *Board of Appeals of Framingham*, 355 Mass. 275, 277 (1969). *MacGibbon* v. *Board of Appeals of Duxbury*, 356 Mass. 635, 639 (1970). *Vazza Properties, Inc.* v. *City Council of Woburn*, 1 Mass. App. Ct. 308, 312 (1973). *S. Volpe & Co.* v. *Board of Appeals of Wareham*, 4 Mass. App. Ct. 357, 360-362 (1976). The transcript by itself does not bear out the plaintiff's further contention that the board based its denial of the special permit on ex parte communications from other town officials not brought to light at the public hearing. Compare *Caruso* v. *Pastan*, 1 Mass. App. Ct. 28, 30-31 (1973), and cases cited.

*Judgment affirmed.*

The case was submitted on briefs.
*Bernard H. Starr* for the defendant.
*William B. Barry* for the plaintiff.