Carhart, J.
In this action, the plaintiff appeals from the Dudley Board of Appeal’s approval of a building permit to the defendant R&C Realty Trust.
FACTS
In 1940, a restaurant known as the Line House Cafe began operation at 71 New Boston Road (the property) in Dudley. The property’s lot size is 1.47 acres, or just under 60,000 square feet.
The Zoning By-Laws of the Town of Dudley, enacted in 1986, designated the property in question as an Industrial 130 zone. The by-laws require that lots located in Industrial 130 zones have a minimum lot area of 130,680 square feet, a minimum lot frontage of 200 feet, a minimum front yard of 45 square feet, a maximum lot coverage by the building of 65%, and a maximum building height of 40 feet. In all respects except for the minimum lot area, the Line House Cafe meets the zoning requirements.
In 1989, the defendant R&C Realty Trust applied to the Dudley building inspector for a building permit to construct a contractor’s yard on the premises. Like the Line House Cafe, a contractor’s yard is a permissible use and meets all zoning requirements in an Industrial 130 zone, except for the minimum lot size. The building inspector issued the building permit to R&C Realty Trust, which subsequently built a contractor’s yard on the lot.
The plaintiff, an abutter of the properly, appealed the issuance of the building permit, and the Dudley Zoning Board of Appeals upheld the decision. Pursuant to G.L.c. 40A, §17, the plaintiff appeals the Zoning Board of Appeals’ decision to this court.
RULINGS OF LAW
In actions brought under M.G.L.c. 40A, §17, the decision of a permit granting authority is not to be disturbed by a court unless the decision was based on legally untenable grounds or was unreasonable, whimsical, capricious or arbitrary. Federman v. Board of Appeals of Marblehead; Siciliano, 35 Mass.App.Ct. 727, 730-31 (1994); Board of Assessors of Worthington v. Commissioners of Hampshire County, 416 Mass. 404, 407 (1993). The Court may not substitute its judgment for that of the Board. Garvey v. Board of Appeals of Amherst, 9 Mass.App.Ct. 856 (1980). The Court is bound to hold a trial de novo, G.L.c. 40A, §17; Prudential Insurance Co. of America v. Board of Appeals of Westwood, 23 Mass.App. 278 (1986) and to *646 determine the legal validity of the decision of the Board of Appeals on the facts as found by the Court. Garvey v. Board of Appeals of Amherst, 9 Mass.App.Ct. 856 (1980). At issue is whether or not Dudley’s zoning by-laws permit construction of an additional building on a nonconforming lot where all other zoning requirements are met.
The defendants argue that Section 2.02.00 of the by-laws was designed to exempt lots which were nonconforming when the by-laws were enacted in 1986. Section 2.02.00 provides that:
Within the zoning districts established by this bylaw there exist lots, structures and land uses which were lawful before this by-law was passed but which would be prohibited, regulated or restricted under the terms of this by-law. It is the intent of this by-law to permit those non-conformities to continue until they are removed, destroyed, or willingly ended and not to encourage their continuation. It is further the intent of this by-law that non-conformities be declared as incompatible with permitted uses in the applicable districts.
Any lawful use of any structure, lot, or activity existing at the time of this by-law’s acceptance may be continued although not in conformance with the provisions of this by-law.
The by-laws allow, upon issuance of a special permit, limited alterations to existing nonconforming uses, structures, and lots, but do not contain any provision regarding construction of additional buildings on nonconforming lots. Section 2.02.01 provides as follows:
Nonconforming uses, structures or lots may be changed, extended, or altered up to twenty-five percent of their original non-conforming feature, upon approval of a special permit for such from the Zoning Board of Appeals, as provided for in Section 5 Administrative Provisions.
Section 2.02.01 does not apply to this case, since the contractor’s yard is not an extension, alteration or change to the Line House Cafe. However, the absence of a provision allowing construction of new buildings on nonconforming lots, and the 25% alteration limit on existing structures support the conclusion that the zoning by-laws do not allow the construction of additional structures on nonconforming lots.
The defendant argues that the by-laws allow the construction of a second structure on the prior nonconforming property, so long as it does not violate other zoning regulations, such as the use, density, frontage, and building height requirements. The defendants argue that since the contractor’s yard is permissible in all respects other than the lot size, the Zoning Board of Appeals’ decision should be upheld.
However, this analysis ignores the policy clearly articulated in Section 2.02.00, which is to allow continuance of preexisting nonconforming lots, structures or uses, yet not to encourage their continuance. Although the exemptions allow continuance of nonconformities, they are not intended to encourage their continuance. Building a contractor’s yard on a prior nonconforming lot counters this policy because it encourages the continuance of a nonconforming lot. Moreover, construction of additional buildings on prior conforming lots is not allowed by Dudley’s zoning by-laws. Therefore, the Dudley building inspector’s issuance of R&C Realty Trust’s building permit was not in accordance with the Dudley by-laws, and the action of the Zoning Board of Appeals upholding the permit was based on legally untenable grounds and in excess of the Board’s authority.
ORDER
It is therefore ORDERED that judgment enter for the plaintiff. It is further ORDERED that the decision of the Zoning Board of Appeals of the Town of Dudley issuing a building permit to R&C Realty Trust be REVERSED, and that the building permit issued to R&C Realty Trust for 71 New Boston Road, Dudley, be nullified.