Toomey, J.
The plaintiffs, Joseph Ciesla and Stanley Ciesla (“the Cieslas”) brought this action, pursuant to G.L.c. 40A, §17, against the defendants, John Glynn, Omer Gadoury, Edwin Hubbard, David Bayer and Phyllis Guerrier, in their capacity as members of the Town of Dudley Zoning Board of Appeals (“Dudley ZBA”).[2] The Cieslas allege that the Dudley ZBA exceeded its authority in denying them relief from a building inspector’s November 1997 demolition order directed at their properly. They now move for summary judgment, contending that they are entitled to judgment as a matter of law. For the reasons set forth below, the Cieslas’ motion for summary judgment is ALLOWED.
BACKGROUND
The Cieslas own property located at 71 New Boston Road, Dudley, Massachusetts. The Cieslas purchased the property in 1995 from R&C Really Trust (“R&C”), their predecessor in interest.[3] In April 1989, R&C applied to the building inspector for the Town of Dudley for a building permit to construct a structure to accommodate a contractor’s yard (“storage facility”) at 71 New Boston Road. At that time, a storage facility was a permissible use under the zoning by-laws. The proposed structure met all zoning requirements except for the minimum lot size requirement.[4]
In May 1989, the building inspector for the Town of Dudley issued a building permit (“1989 permit”), and, pursuant to that permit, R&C constructed the storage facility. An abutter to 71 New Boston Road appealed the issuance of the 1989 permit, but the Dudley ZBA denied the abutter’s appeal and- upheld the 1989 permit. The abutter then filed a complaint in Superior Court pursuant to G.L.c. 40A, §17, alleging the Dudley ZBA had exceeded its authority in denying the appeal of the issuance of the 1989 permit.
On April 4, 1995, the Court (Carhart, J.) entered judgment in favor of the abutter, reversing the decision of the Dudley ZBA and nullifying the 1989 building permit. The court decision did not order the demolition of the 71 New Boston Road storage facility, nor did the court order or direct the Town of Dudley to commence any action against the storage facility. On May 8,1995, the Dudley ZBA filed its notice of appeal of the April 4, 1995 decision adverse to the 1989 permit. On or about April 14, 1997, the Superior Court dismissed the Dudley ZBA appeal for lack of prosecution.
On November 20, 1997 the Building Inspector for the Town of Dudley notified the Cieslas that he was ordering them to remove the 71 New Boston Road storage facility and its foundation. The November 20, 1997 Order, issued eight years after the structure’s construction, was the first and only notice received by the Cieslas, or R&C, regarding removal of the 71 New Boston Road storage facility. On December 18, 1997, the Cieslas appealed the demolition order to the Dudley ZBA.
The Dudley ZBA denied the appeal, citing the April 4, 1995 decision of this court (Carhart, J.) nullifying the 1989 building permit issued in R&C’s favor. On or about January 22, 1998, the Cieslas filed a timely complaint in Worcester Superior Court seeking relief from the Dudley ZBA decision denying them relief from the building inspector’s November 1997, removal Order. On December 18, 2000, the court (Toomey, J.) denied the plaintiffs’ motion for summary judgment, finding that genuine issues of material fact existed as to plaintiffs’ claim that the statute of limitations barred the effort of the Building Inspector, and the ZBA, to compel the removal of the storage facility. The plaintiffs filed a motion for reconsideration which was allowed on February 7, 2001 (Toomey, J.).[5] On reconsideration, the court will conclude, for the reasons stated infra, that summary judgment ought to issue for plaintiffs.
DISCUSSION
Summary judgment shall be granted when there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [farther,] that the moving party is entitled to judgment as amatter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, supra.
*26 APPLICABILITY OF G.L.c. 40A, §7
Massachusetts General Laws c. 40A, §7, contains a statute of limitations period for actions brought to redress zoning violations.[6] The statute provides a six-year limitation to commence actions complaining of structural violations if “real property has been improved and used in accordance with the terms of the original building permit.” G.L.c. 40A, §7. See also Lord v. Zoning Board of Appeals of Somerset, 30 Mass.App.Ct. 226 (Mass.App.Ct. 1991); Richard W. Bishop, Prima Facie Case-Proof and Defense, §64.12, at 517-18 (1997). The limitations period runs in each case from “the commencement of the alleged violation of law.” G.L.c. 40A, §7.
The Cieslas, citing G.L.c. 40A, §7, contend that the Town of Dudley had six years to initiate any action which would have the effect of removing, altering or modifying the contractor’s shed at 71 New Boston Road. The Cieslas argue that the Dudley ZBA exceeded its authority in denying plaintiffs’ relief from the November 1997 order of demolition because the order was issued more than six years after the 1990 construction of the storage facility.
In response, the ZBA contends that plaintiffs have failed to set forth sufficient factual evidence to warrant application of G.L.c. 40A, §7. The courtfinds, however, that all of the prerequisites for application of the G.L.c. 40A, §7, six-year rule have been met.
First, the evidence at bar suggests that R&C completed the storage facility no later than March 26, 1990, because the Town of Dudley, on March 26, 1990, issued a Certificate of Use and Occupancy of the storage facility to the owners of 71 New Boston Road. Thus, the real property was improved with a structure no later than March 26, 1990. See 780 CMR 120.1, which requires that “a building or structure hereafter shall not be used or occupied in whole or in part until the certificate of use and occupancy shall have been issued.”
Second, the Cieslas have demonstrated that the real property at the site in question was in fact improved and used in accordance with the original building permit issued May 25, 1989. The plaintiffs have provided uncontradicted affidavits reciting that the Cieslas and their predecessors in interest used the structure as a contractor’s yard storage facility, from March 26, 1990, through the present, in accordance with the original building permit.
Therefore, with respect to both the date of the construction and its permitted use, the Cieslas have established the footings upon which their G.L.c. 40A, §7, contentions are grounded, and we may proceed to assess the effects of that statute upon the instant dispute.
B. EFFECT OF G.L.c. 40A, §7
In order to comply with G.L.c. 40A, §7, the Town of Dudley must have initiated any action, which would have the effect of removing, altering or modifying the structure at 71 New Boston Road, no later than March 26, 1996, six years after its construction. The Town of Dudley, however, failed to issue a removal order, within the statutory window, to the Cieslas or their predecessors in interests. The November 20, 1997 Order of Demolition was the first notice that either the Cieslas or their predecessors in interest received regarding the Town’s direction for the removal of the 71 New Boston Road storage facility. Additionally, there was no record notice to inform the Cieslas that the Town of Dudley sought removal of the storage facility. See G.L.c. 40A, §7 (no action for removal of structure in violation of by-law shall be maintained unless action is commenced and “notice thereof recorded in the registry of deeds for each county in which the land lies within six years . . .”). Thus, for both reasons, to wit, action commenced out of time and record notice not effected, the demolition order does not comply with the statutory mandate.
The Dudley ZBA’s reliance on the court’s April 4, 1995 decision (Carhart, J.) to support its instant denial of the Cieslas’ appeal, is misplaced. Judge Carhart’s decision did not address the statute of limitations issue controlled by G.L.c. 40A, §7. Rather, the court entered judgment for the Dudley ZBA for the reason that the issuance of the 1989 permit was not in accordance with the Dudley by-laws.
More particularly, the Town of Dudley’s by-law 2.02.00, enacted in 1986, allows continuance of preexisting non-conforming lots, structures or uses. Judge Carhart held that, although by-law exemptions may allow continuance of existing non-conforming lots, the exemptions are not intended to encourage the construction of additional buildings, such as the 71 New Boston Road storage facility, on a prior non-conforming lot. The court concluded, therefore, that the action of the Dudley ZBA upholding the permit was in excess of the Board’s authority because the ZBA had misconstrued the by-law. That judgment, however, did not order the demolition of the 71 New Boston Road storage facility nor did it order or direct the Town of Dudley to commence any action against the storage facility. Assuming the correctness of that conclusion, there is still no occasion for this court now to excuse the Town’s tardiness in seeking to implement the earlier judgment. The demolition sub judice is not compelled by Judge Carhart’s nullification of the 1989 permit.
There are no genuine issues of material facts which might, at trial, erode the Cieslas’ claim that they are protected by the limitations period established in G.L.c. 40A, §7. The Cieslas have demonstrated the absence of a triable issue and, further, have established that, because the provisions of G.L.c. 40A, §7, insulate the storage facility from the demolition order at bar, they are entitled to judgment as a matter of law.
*27 ORDER
It is therefore ORDERED that plaintiffs’ motion for summary judgment pursuant c. 40A, §17 be ALLOWED. The Decision of the Dudley Board of Appeal is REVERSED. It is further ORDERED that the November 20, 1997 Order of the Town of Dudley Building Inspector to remove the shed, is annulled.

 Defendants were members of the Dudley ZBA during the relevant time period, January 1, 1997, to January 31, 1997.

 The summary judgment record does not indicate the exact date the Cieslas acquired 71 New Boston Road from R&C.

 The zoning by-laws of the town of Dudley, enacted in 1986, designated 71 New Boston Road as an “Industrial 130 Zone.” At that time, the by-laws required that lots located in Industrial 130 zones have a minimum lot area of 130,680 feet, a minimum lot frontage of 200 feet, a minimum front yard of 45 square feet, a maximum lot coverage by the building of 65% and a maximum building height of 40 feet. (Town of Dudley by-laws, Section 2.02, 2.02.01, 2.03, 2.03.01, Revised May 19, 1986.) The property at 71 New Boston Road, at that time, consisted of 1.47 acres (approximately 60,000 square feet) and was improved with a restaurant, the Line House Café. See Pettit v. Karmarz, Civil No. 89-2528, 3 Mass. L. Rptr. 645 (Suffolk Super. Ct. April 4, 1995).

 Defendant had not filed any response to the plaintiffs’ motion for reconsideration.

 G.L.c. 40A, §7 provides that, “If real property has been improved and used in accordance with the terms of the original building permit issued by a person duly authorized to issue such permits, no action, criminal or civil, the effect or purpose of which is to compel the abandonment, limitation or modification of the use allowed by said permit or the removal, alteration or relocation of any structure erected in reliance upon said permit by reason of any alleged violation of the provisions of this chapter, or of any ordinance or by-law adopted thereunder, shall be maintained, unless such action, suit or proceeding is commenced and notice thereof recorded in the registry of deeds for each county ... in which the land lies within six years next after the commencement of the alleged violation of law.”